COLUMBUS COMPRESS CO. v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Fifth Circuit. March 7, 1911. On Application for Rehearing, April 4, 1911.)

No. 2,121.

1. JURY (§ 28*)—WAIVER—RECORD—SUFFICIENCY.

A recital in a judgment that both parties, announcing "Ready for trial" formally waived a jury in open court, is insufficient to show waiver

---

of jury by written stipulation, as required by Rev. St. § 649 (U. S. Comp. St. 1901, p. 525)..

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 28.*]

**2.** APPEAL AND ERROR (§ 553*)—RECORD—SUFFICIENCY.

A substitute for a formal bill of exceptions, indorsed by the trial judge, "The foregoing contains the agreed record," *held* not to constitute a finding of facts, or agreed statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 553.*]

In Error to the Circuit Court of the United States for the Northern District of Mississippi.

Action between the Columbus Compress Company and the United States Fidelity & Guaranty Company. From the judgment, the Compress Company brings error. Affirmed.

William Baldwin, for plaintiff in error.

William M. Hall, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. [1] This case was tried and decided in the Circuit Court without the intervention of a jury, and the record shows no written stipulation waiving a jury. It follows that on this writ there is nothing for us to review, save as to the sufficiency of the declaration, as to which no question was made. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Dundee Mortgage & Trust Investment Co. v. Hughes, 124 U. S. 157, 160, 8 Sup. Ct. 377, 31 L. Ed. 357.

[2] We notice, further, that the substitute for a formal bill of exceptions, found in the record and indorsed by the judge as follows: "The foregoing contains the agreed record"—is neither a finding of facts nor an agreed statement of facts, such as the court could consider, were the findings of the trial judge open for review. See Raimond v. Parish of Terrebonne, 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309; Glenn v. Fant, 134 U. S. 398, 10 Sup. Ct. 583, 33 L. Ed. 969.

Under these circumstances, we are constrained to affirm the judgment of the Circuit Court; and it is so ordered.

### On Application for Rehearing.

The record before us is not sufficient to show a waiver of jury by a stipulation in writing filed with the clerk, as required by Rev. St. U. S. § 649 (U. S. Comp. St. 1901, p. 525). A recital in the judgment, "that both plaintiff and defendant announcing 'Ready for trial' and formally waiving a jury in open court," is not such a recital as this court can assume therefrom that a jury was waived by a stipulation in writing. See Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Hodges v. Easton, 106 U. S. 408–412, 1 Sup. Ct. 307, 27 L. Ed. 169; Bond v. Dustin, 112 U. S. 607, 5 Sup. Ct. 296, 28 L. Ed. 835. Cases that control the appellate court when the jury is waived without written stipulation will be found cited in 4 Fed. St. Ann. 451. See, also, Bond v. Dustin, supra, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Dundee v. Mortgage & Trust Investment Co. v. Hughes, 124 U. S. 157–160, 8 Sup. Ct. 377, 31 L. Ed. 357.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The agreed record approved by the judge is a recital of the evidence, written and oral, containing an agreement that counsel should have the advantage of objection and exception to any of the foregoing matters and testimony put in evidence, as if formally heard and reserved, and is not a finding or agreed statement of the ultimate facts in the case, as required in Raimond v. Parish of Terrebonne, 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309, and like cases.

The petition for rehearing is denied.