CAMPBELL *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE
EIGHTH CIRCUIT.

No. 161.  Argued March 6, 1912.—Decided March 18, 1912.

As §§ 566, 649 and 700, Rev. Stat., do not make any provisions for such a case, the trial of a case in the District Court of the United States without a jury is in the nature of a submission to an arbitrator, and the court's determination of issues of fact and questions of law supposed to arise on its special findings is not a judicial determination, and, therefore, not subject to reëxamination in an appellate court.

In such a case the Circuit Court of Appeals has no power to consider the sufficiency of facts found to support the judgment, but is limited to a consideration of such questions of law as are presented by the

record proper independently of the special finding; and, in the absence of any such independent questions, must affirm.

An objection to form of pleading that can be cured by amendment should be seasonably taken on the trial.

Where a statement in the answer that defendant had not and could not obtain sufficient information upon which to base a belief respecting the truth of an allegation in the complaint is not objected to in the trial court as an insufficient denial of the allegation but is treated as sufficient, the objection cannot be made in an appellate court, and the truth of the allegation must be regarded as at issue.

170 Fed. Rep. 318, reversed.

THE facts are stated in the opinion.

*Mr. A. B. Browne,* with whom *Mr. Gerald Hughes, Mr. Alexander Britton, Mr. Evans Browne, Mr. Clayton C. Dorsey* and *Mr. Barnwell S. Stuart* were on the brief, for plaintiffs in error:

There was no jurisdiction in the United States Circuit Court of Appeals to review and reverse the judgment of the District Court.

In actions at law in the courts of the United States, if the questions of fact are, by the consent of the parties, determined by the court without a jury, no ruling made upon or in connection with the trial can be reviewed by the Court of Appeals upon writ of error in the absence of a statute providing otherwise. *Rogers* v. *United States,* 141 U. S. 548; *United States* v. *Cleague,* 161 Fed. Rep. 85, 86; *United States* v. *Louisville & N. R. Co.,* 167 Fed. Rep. 306, 308; *United States* v. *St. Louis, I. M. & S. Ry. Co.,* 169 Fed. Rep. 73, 74, 76.

The question of jurisdiction is one which the court will determine regardless of whether it was raised or suggested by the parties. *Cutler* v. *Rae,* 7 How. 729; *Mansfield, Coldwater &c. Ry. Co.* v. *Swan,* 111 U. S. 379, 382; *Parker* v. *Ormsby,* 141 U. S. 81, 85; *Perez* v. *Fernandez,* 202 U. S. 80, 100; *Dones* v. *Urrutia,* 202 U. S. 614.

The same rule obtains in the Circuit Courts of Appeals

in cases appealed or brought by writ of error to those courts. Where the jurisdiction is found not to be conferred by the Constitution and laws, objection thereto cannot be waived by the parties. *Henrie* v. *Henderson,* 145 Fed. Rep. 316; *Fred Macey Co.* v. *Macey,* 135 Fed. Rep. 725, 726; *Cochran* v. *Childs,* 111 Fed. Rep. 433; *Wetherby* v. *Stinson,* 62 Fed. Rep. 173; *Tinsley* v. *Hart,* 53 Fed. Rep. 682.

The judgment of the Circuit Court of Appeals is not warranted by the facts and the principles of law applicable thereto.

Not only by virtue of the notice were these sureties released but by the necessary consequences which must be deemed to result from the action which they took.

The sureties did all they could do in the performance of their obligations to the Government and gave the latter the opportunity to prevent any and all loss, and this opportunity was recognized and accepted by the Government, with which latter the rules and principles of fair dealings in its contractual relations with an individual must be held to obtain and be of equal force as in the case of dealing and contractual relations between individuals. *Burgess* v. *Eve,* L. R. 13 Eq. Cases, 450, 457; *Phillips* v. *Foxall,* L. R. 7 Q. B. 766.

The principle contended for by plaintiff in error as applicable, and upon which, in the case at bar, the sureties should be held to have fully performed their obligation and to be released from further liability, has been recognized and followed in the United States. See *Walsh* v. *Colquitt,* 64 Georgia, 740; *Emery* v. *Baltz,* 94 N. Y. 408; *Dwellinghouse Ins. Co.* v. *Johnston,* 90 Michigan, 170; *Rapp* v. *Phœnix Ins. Co.,* 113 Illinois, 390, 402; *Lewiston* v. *Gagne,* 89 Maine, 395.

*Anderson* v. *Blair* can be distinguished, and see *United States* v. *Kirkpatrick,* 9 Wheat. 720; *United States* v. *Van Zandt,* 11 Wheat. 184; *Dox* v. *Postmaster General,* 1 Pet.

318; *Jones* v. *United States*, 18 Wall. 662; *Hart* v. *United States*, 95 U. S. 315.

The case at bar has clearly exceptional features; and see 2 Brandt on Suretyship, § 555.

When sureties take notice of the principal's default, and with diligence discover his misconduct and do all that is within their power to perform their contract to see that the principal faithfully and without default performs his duty, the performance being complete, the obligation should cease to exist. See 2 Parsons on Contracts, p. 31.

The Government could have immediately dismissed Westcott without injury, and when it acted upon the notifications of the sureties and took charge of his office, and found that he had been guilty of misconduct and knew that the sureties were unwilling and refused to remain longer liable upon the bond, it was then and there its duty to dismiss Westcott unless he provided new and adequate sureties for the performance of his duties.

There is no question that the bond is revocable.

*Mr. Assistant Attorney General Denison* for the United States:

The bond itself contained no provision that the sureties should be released by any laches on the part of government officers.

The decision of the District Court on the question of law was directly contrary to at least eight decisions of this court. *United States* v. *Kirkpatrick*, 9 Wheat. 720; *United States* v. *Vanzandt*, 11 Wheat. 184; *Dox* v. *Postmaster General*, 1 Pet. 318; *Jones* v. *United States*, 18 Wall. 662; *Hart* v. *United States*, 95 U. S. 316; *Minturn* v. *United States*, 106 U. S. 437; *Fidelity &c. Co.* v. *Courtney*, 186 U. S. 361; *German Bank* v. *United States*, 148 U. S. 573; *United States* v. *Sisk*, 176 Fed. Rep. 886.

As the facts found by the District Judge did not legally

support the judgment, *Rogers* v. *United States,* 141 U. S. 548, does not apply and the Circuit Court of Appeals had jurisdiction to reverse for this error of law. *Andes* v. *Slauson,* 130 U. S. 435; *Campbell* v. *Boyreau,* 21 How. 223; *Paine* v. *Cent. Vt. R. R. Co.,* 118 U. S. 152.

But errors made apparent by a scrutiny of the pleadings also afford a basis for review. Cases *supra* and *O'Reilly* v. *Brooke,* 209 U. S. 45; *Lyons* v. *Nat. Bank,* 19 Blatchf. 287; *Doty* v. *Jewett,* 22 Blatchf. 65; *Bond* v. *Dustin,* 112 U. S. 604; *Supervisors* v. *Kennicott,* 103 U. S. 554; *Low* v. *United States,* 169 Fed. Rep. 86; *United States* v. *St. L., I. M. & S. Ry. Co.,* 169 Fed. Rep. 73; *United States* v. *Cleage,* 161 Fed. Rep. 85; *United States* v. *L. & N. R. R.,* 167 Fed. Rep. 306; *Rush* v. *Newman,* 58 Fed. Rep. 158; *Prentice* v. *Zane,* 8 How. 470; *Guild* v. *Frontin,* 18 How. 135; *Suydam* v. *Williamson,* 20 How. 427, 433; *Madison County* v. *Warren,* 106 U. S. 622; *Glenn* v. *Fant,* 134 U. S. 398; *Flanders* v. *Tweed,* 9 Wall. 425; *Norris* v. *Jackson,* 9 Wall. 125; *Blair.* v. *Allen,* 3 Dillon, 101; *Wear* v. *Mayer,* 2 McCrary, 172.

As to the pleadings the District Court erred in over-ruling the Government's demurrer to the separate defense of laches. *Lyons* v. *Nat. Bank, supra.*

Also the first defense did not present any valid issue under the laws of the State of Colorado, the denials being in part mere conclusions of law. *Gale* v. *James,* 11 Colorado, 540, 541; *Pueblo* v. *Gould,* 6 Colo. App. 44; Bliss Code Pleading, § 334, and cases cited, and in part negative pregnant; Chitty on Pleading, § 566; *Harden* v. *Atchison &c. R. Co.,* 4 Nebraska, 521; *Moses* v. *Jenkins,* 50 Oregon, 447.

As to the balance they were defective because they denied not "knowledge or information" but only "information." See *Downing* v. *North Denver Land Co.,* 30 Colorado, 283; *Haney* v. *People,* 12 Colorado, 345; *James* v. *McGhee,* 9 Colorado, 486; *Grand Valley Ins. Co.* v. *Lesher,* 28 Colorado, 273.

The first defense was also sham because its denial was only of information in regard to the defalcation, which in this case was a matter of public record accessible to the defendants. *Patrick* v. *McManus*, 14 Colorado, 65; *Simpson* v. *Langley*, 23 Colorado, 69; *Fravert* v. *Fesler*, 11 Colo. App. 387; *Murray's Lessee* v. *Hoboken Land Co.*, 18 How. 276; *Kennedy* v. *McGary*, 21 Wisconsin, 496; *Van Dyke* v. *Doherty*, 6 N. Dak. 263; *Wallace* v. *Bacon*, 86 Fed. Rep. 553; *Mulcahey* v. *Buckley*, 100 California, 484; *Zivi* v. *Einstein*, 20 N. Y. Supp. 893; *Barrett* v. *Goodshaw*, 12 Bush (Ky.), 592; *Mendocino County* v. *Peters*, 2 Cal. App. 24; *Thompson* v. *Skeen*, 14 Utah, 209; *Appel* v. *State*, 9 Wyoming, 187; Ency. Pl. & Pr., Vol. 1, 813.

Looking broadly at the case it is beyond question that the sole point in controversy was the validity of the defense of laches and on that question the District Court's judgment was plainly in error and should be reversed. *O'Reilly* v. *Brooke*, and *Supervisors* v. *Kennicott, supra.*

The District Judge was never intended to be constituted an arbitrator even of the facts and if a determination of facts should be deemed requisite the case should be remanded with instructions to make the determination by correct proceedings as a court. *Flanders* v. *Tweed*, 9 Wall. 425; *Low* v. *United States*, and *Prentice* v. *Zane*, 8 How. 470, *supra.*

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action at law against the sureties on the official bond of a receiver of public moneys to recover for a default of their principal. The answer set forth that the defendants had not and could not obtain sufficient information upon which to base a belief respecting the default charged and therefore denied the same, and also interposed an affirmative defense, which need not be

specially noticed. The action was begun in the District Court, and was tried to the court without a jury. There was a special finding of the facts, accompanied by conclusions of law, and upon these there was a judgment for the defendants. The plaintiff took the case on writ of error to the Circuit Court of Appeals, which held that the facts found were insufficient to support the judgment, and reversed the latter with a direction to enter a judgment for the plaintiff upon the finding. 170 Fed. Rep. 318. The defendants then sued out the present writ of error.

. At the outset we are confronted with the question of the power of the Circuit Court of Appeals to consider the sufficiency of the facts found to support the judgment. Section 566, Rev. Stat., provided that the trial of issues of fact in the District Courts, in all cases except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, should be by jury. This was not one of the excepted cases. Sections 649 and 700, Rev. Stat., made special provision for the trial by the court, without a jury, of the issues of fact in actions at law in the Circuit Courts, and for the review of the rulings of the court in the progress of such a trial, including the question of the sufficiency of the facts found to support the judgment; but those sections were in terms limited to cases in the Circuit Courts, and there was no similar provision in respect of cases in the District Courts. In this state of the statute law the trial to the District Court without a jury was in the nature of a submission to an arbitrator, a mode of trial not contemplated by law, and the court's determination of the issues of fact and of the questions of law supposed to arise upon its special finding was not a judicial determination and therefore was not subject to reëxamination in an appellate court. *Campbell* v. *Boyreau*, 21 How. 223; *Rogers* v. *United States*, 141 U. S. 548. It follows that the

Circuit Court of Appeals was without power to consider the sufficiency of the facts found to support the judgment.

The power of that court was limited to a consideration of such questions of law as may have been presented by the record proper, independently of the special finding, such as whether the pleadings were sufficient to support the judgment. It is now said that such a question was presented, and that its right solution required that the judgment of the District Court be reversed. If the answer did not put in issue the allegation of the complaint respecting the default of the principal in the bond, this claim is well founded; otherwise it is not. The denial of that allegation was predicated upon a statement that the defendants had not and could not obtain "sufficient information" upon which to base a belief respecting its truth. This, it is said, was not an adequate denial, because the state statute (Colo. Code, § 62) required that such a denial be based upon a disavowal of "sufficient knowledge or information." But of this it is enough to say that no such objection was raised in the District Court, but, on the contrary, the answer was treated as sufficient in that respect. This being so, the plaintiff was not at liberty to raise the objection in an appellate court. Had it been made seasonably it could, and doubtless would, have been avoided by an amendment. *Roberts* v. *Graham*, 6 Wall. 578, 581; *Nashua Savings Bank* v. *Anglo-American Co.*, 189 U. S. 221, 231.

It results that the Circuit Court of Appeals erred in not affirming the judgment of the District Court.

*Judgment reversed.*