# GOODE *v.* UNITED STATES OF AMERICA.

PURE FOOD LAW; MISBRANDING; TRIAL BY THE COURT; EVIDENCE; PLEADING.

1. In the trial of a case in the supreme court of the District of Columbia brought by the United States, and having for its object the condemnation of goods alleged to have been misbranded in violation of the act of Congress of June 30, 1906 (34 Stat. at L. 768, chap. 3915), known as the pure food act, where a jury trial is waived by the parties, the finding of the court upon the facts, which finding may be either general or special, has the same effect as the verdict of a jury; and, on an appeal by the owner of the goods from a judgment of condemnation, the review by this court will be confined to questions of law presented by the record properly, and to such other questions as may have been reserved by exceptions duly noted during the progress of the trial. (Citing D. C. Code, secs. 70 and 71 [31 Stat. at L. 1200, 1201, chap. 854].)

2. In a proceeding under the pure food act of Congress to condemn cases of "Buffalo Lithia Water" as misbranded, on the ground that the water by reason of its ingredients is not entitled to be so called, evidence offered by the government is admissible which tends to show that an analysis of about $\frac{1}{2}$ a gallon of the water failed to disclose any lithium, except by the use of a spectroscope and then only a trace, and that ocean and river water contains five times as much lithium as the same quantity of "Buffalo Lithia Water."

3. A libel under the pure food act of Congress seeking to condemn cases of "Buffalo Lithia Water" as misbranded, which states in effect that the water is misbranded, labeled, and sold as lithia water when in fact it is not lithia water, and that by reason of such misbranding

the public is deceived and misled, is sufficiently explicit without characterizing the water as a spring or mineral water.

No. 2789. Submitted November 1, 1915. Decided November 29, 1915.

HEARING on an appeal by the respondent from a decree of the Supreme Court of the District of Columbia, condemning a number of cases of so-called lithia water for misbranding in violation of the pure food act of Congress of June 30, 1906.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Rosa C. Goode, Thomas F. Goode, E. Chambers Goode et al., from a final decree in the supreme court of the District condemning seven cases, more or less, of "Buffalo Lithia Water," for misbranding in violation of the provisions of the pure food act of June 30, 1906 (34 Stat. at L. 768, chap. 3915).

In the libel as amended it is alleged that each bottle in the seized cases is "branded and labeled with a certain label containing, among other things, the following, to wit: 'Buffalo Lithia Water-Springs No. 2,' 'Buffalo Lithia Springs Water— Nature's Materia Medica,' 'Buffalo Lithia Springs Water Company, Buffalo Lithia Springs, Va.,'" and that each bottle is misbranded "for the reason that each and every bottle in said cases purports to contain a food and drug, that is to say, a liquid known as lithia water, the said cases and bottles bearing labels as aforesaid, which said labels bear certain statements regarding said food and drug which are false and misleading, in this, that the said statement imports that the liquid contained in said bottles is a lithia water, whereas in truth and fact the food and drug contained in said bottles is not a lithia water, or entitled by reason of its ingredients to be so called; and said cases and the bottles therein contained are further misbranded in that the same are offered for sale, as more fully hereinafter set forth, under the distinctive name of another article, to wit, under the name of lithia water, when in truth and in fact the

contents of said bottles is not a lithia water or entitled to be so called; and, further, in that the said bottles and each thereof are labeled and branded so as to deceive and mislead the purchaser thereof," etc. After the overruling of a demurrer to the libel as amended, an answer was interposed. A jury trial was waived, voluminous testimony taken, and the court upon the pleadings and testimony found the seized property to be misbranded in violation of the pure food act, and ordered its condemnation and forfeiture. To this ruling and order no exception was taken, but appellants did note an appeal therefrom in general terms, and subsequently filed assignments of error, in which it is alleged that the court erred in entering judgment against the property seized and in admitting and considering evidence objected to by them. It now is urged, on behalf of the appellants, that the case is here for trial *de novo,* both as to law and fact.

*Mr. Samuel G. Shields, Mr. Charles I. Cates, Jr., Mr. Henry P. Blair,* and *Mr. Wm. G. Johnson* for the appellants, in their brief cited:

Boone v. Chiles, 10 Pet. 177; Brina v. U. S. 179 Fed. 373; Brina v. U. S. 105 C. C. A. 355; Foster v. Goddard, 1 Bl. Com. 506; Harrison v. Nixon, 9 Pet. 483; Re Wilson, 168 Fed. 566; Nove-McCord Mercantile Co. v. U. S. 182 Fed. 46; Rubber Co. v. Goodyear, 9 Wall. 788; U. S. v. American Druggists' Syndicate, 186 Fed. 387; U. S. v. Antikamnia Chemical Co. 37 App. D. C. 355; U. S. v. Boeckman, 176 Fed. 382;. U. S. v. Barrels of Coca Cola, 191 Fed. 431; U. S. v. Barrels of Coca Cola, 215 Fed. 531; U. S. v. Boxes of Alleged Pepper, 198 Fed. 934; U. S. v. Corno H. & M. Feed, 188 Fed. 462; U. S. v. Huckabee, 16 Wall. 414; U. S. v. Johnson, 221 U. S. 488; U. S. v. Lexington Mill Co. 232 U. S. 399; U. S. v. St. Louis Coffee & Spice Mills, 189 Fed. 191; U. S. v. Scanlon, 180 Fed. 485.

*Mr. John E. Laskey,* United States District Attorney, and *Mr. Charles W. Arth* and *Mr. James A. Cobb,* Assistants, for the United States in their brief, cited:

Act of June 30, 1906, known as the Food and Drugs Act, 34 Stat. at L. 768; *Atchison* v. *Wills,* 21 App. D. C. 548; *Bank of United States* v. *Schultz,* 2 Ohio, 471; *Bear Lithia Springs Co.* v. *Great Bear Springs Co.* 71 N. J. Eq. 595; *California Fig Syrup Co.* v. *Putnam,* 66 Fed. 751; *California Fig Syrup Co.* v. *Frederick Stearns Co.* 73 Fed. 812; *Case Mfg. Co.* v. *Soxman,* 138 U. S. 431; *Catlin* v. *Gunter,* 11 N. Y. 368; *Craig* v. *Ward,* 1 Abb. App. Dec. 454; *Darlington* v. *Turner,* 24 App. D. C. 573; *Galt & Co.* v. *U. S.* 39 App. D. C. 470; Fed. Food and Drugs Act and Dec. 588; *Hauch* v. *Craigheod,* 4 Hun, 561; *Hetzel* v. *B. & O. R. Co.* 7 App. D. C. 524; *Krauss* v. *Peebles,* 58 Fed. 585; *Memphis Keeley Institute* v. *Leslie E. Keeley Co.* 155 Fed. 964; *Place* v. *Minsted,* 65 N. Y. 89; *State* v. *Tetu,* 107 N. W. 953; *United States* v. *American Chicle Co.* Fed. Food and Drugs Act and Dec. 524, 526; *United States* v. *Dade,* 40 App. D. C. 94; Fed. Food and Drugs Act and Dec. 554; *United States* v. *The Sweet Valley Wine Co.* 208 Fed. 85; Fed. Food and Drugs Act and Dec. 625; *United States* v. *200 Cases of Tomato Catsup,* 211 Fed. 780; Fed. Food and Drugs Act and Dec. 706; *Washington & G. R. Co.* v. *Patterson,* 9 App. D. C. 423; *Worden* v. *California Fig Syrup Co.* 187 U. S. 539.

Mr. Justice ROBB delivered the opinion of the Court:

In *443 Cans of Frozen Egg Product* v. *United States,* 226 U. S. 172, 57 L. ed. 174, 33 Sup. Ct. Rep. 50, the court ruled that it was not intended to liken proceedings under the pure food act "to those in admiralty beyond the seizure of the property by process *in rem,* then giving the case the character of a law action, with trial by jury if demanded and with the review already obtaining in actions at law." The court observed that if "the action is tried in the district court without a jury, the circuit court of appeals is limited to a consideration of such questions of law as may have been presented by the record proper, independently of the special findings," and cited *Campbell* v. *United States,* 224 U. S. 99, 56 L. ed. 684, 32 Sup. Ct. Rep. 398, as authority for the proposition. The court further

said: "But the party on jury trial may reserve his exceptions, take a bill of exceptions, and have a review upon writ of error in the manner we have pointed out." Inasmuch as provision has been made in the District of Columbia for a trial of issues of fact in civil cases by the court without a jury, the ruling in the *Campbell Case* does not apply. In this jurisdiction the finding of the court upon the facts, which may be either general or special, has the same effect as the verdict of a jury. An exception may be taken to any ruling of the court during the hearing and to such finding, on the ground that the evidence was insufficient in law to justify it, and may be stated in a bill of exceptions as in case of a jury trial. See D. C. Code, secs. 70, 71 [31 Stat. at L. 1200, 1201, chap. 854].

From the foregoing it is apparent that our review of this case must be confined to questions of law presented by the record proper, and to such other questions as may have been reserved by exceptions duly noted during the progress of the trial. The only exceptions taken, which are followed up in appellants' brief, relate to the admission of evidence introduced by the government tending to prove the inappreciable quantity of lithium in Buffalo Lithia Water, and that the trace of lithium found would not of itself give any therapeutic effect. The libel as amended alleges that the water in question is misbranded because, as branded, it is represented as lithia water, when it is not such a water or entitled by reason of its ingredients to be so called, and that by reason of this misbranding the purchaser of the water is deceived. Clearly, under these averments, it was competent for the court to receive evidence concerning the real character of this water. Evidence that an analysis of about half a gallon of the seized water failed to disclose any lithium except by the use of the spectroscope, and then only a trace, and evidence that water from the Atlantic and Pacific Oceans, from the Mississippi and Potomac rivers, contained five times as much lithium as the same quantity of "Buffalo Lithia Water," certainly shed some light upon the question whether such so-called lithia water was in fact what the label under which it was sold represented it to be.

Appellants insist that the libel fails to allege any facts con-

stituting misbranding, and hence that it is fatally defective. It alleges that the seized water is labeled as "Buffalo Lithia Water;" that the label is false and misleading "in this, that the said statement imports that the liquid contained in said bottles is a lithia water, whereas in truth and fact the food and drug contained in said bottles is not a lithia water, or entitled by reason of its ingredients to be so called." In other words, the label alleges that the seized property is branded, labeled, and sold as lithia water, when in fact it is not, and that by reason of such branding the public is deceived and misled. If appellants mean that the libel should have characterized this water, we do not agree with them. Whether it should be called a mineral water or a spring water is not important. The important question here is whether it is what the label represented it to be,—a lithia water. The libel in unambiguous terms alleges that it is not, and we think the averments sufficiently explicit.

The decree must be affirmed, with costs.          *Affirmed.*

An application for the issuance of a writ of error to remove the cause to the Supreme Court of the United States was granted and the writ issued October 18, 1915.