**BOULDIN et al. v. ALTO MINES CO.**

(Circuit Court of Appeals, Ninth Circuit. May 26, 1924.)

No. 4209.

Appeal and error ⬷849(2)—In absence of written stipulation waiving a jury, rulings in action tried to court not reviewable.

In the absence of a stipulation in writing waiving a jury, filed with the clerk, as required by Rev. St. § 649 (Comp. St. § 1587), the rulings in an action at law tried to the court are not reviewable, and the appellate court can only look to the record of the process, pleadings, and judgment.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Action at law between James E. Bouldin and others and the Alto Mines Company. Judgment for the latter, and the former bring error. Affirmed.

Samuel L. Kingan, John H. Campbell, and A. R. Conner, all of Tucson, Ariz., for plaintiffs in error.

Ben C. Hill, of Tucson, Ariz., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

⬷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RUDKIN, Circuit Judge. This is a writ of error to review a judgment in an action at law tried by the court without a jury. In such cases the rule is firmly established that the jurisdiction of this court to review the rulings of the court below, with minor exceptions not material here, is dependent upon a compliance with the requirements of section 649 of the Revised Statutes (Comp. St. § 1587), namely, the filing with the clerk of a stipulation in writing waiving a jury. No other waiver will suffice, and in the absence of such a stipulation we can only look to the process, pleadings, and judgment. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Road Imp. District v. St. Louis S. W. Ry. Co., 257 U. S. 547, 562, 42 Sup. Ct. 250, 66 L. Ed. 364; Columbus Compress Co. v. United States F. & G. Co., 186 Fed. 487, 108 C. C. A. 465; Ladd & Tilton Bank v. Lewis A. Hicks Co., 218 Fed. 310, 134 C. C. A. 106; Ford v. United States, 260 Fed. 657, 171 C. C. A. 421.

There is no error apparent upon the face of the record, and the judgment of the court below must therefore be affirmed.