## KUNIHIRO v. LYONS BROS. CO. et al.

## SAME v. M. O. COGGINS CO. et al.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1926. Rehearing Denied July 12, 1926.)

Nos. 4821, 4822.

1. Courts ⟨⟩352—That hearing on motion on issue of whether plaintiff in action based on assignments had title or ownership by virtue of assignments was had before trial held not objectionable, where all parties consented thereto (equity rule 29; Sherman Act, § 7 [Comp. St. § 8820]).

Under equity rule 29, that motion raising question whether plaintiff, in action under Sherman Act, § 7 (Comp. St. § 8820), based on assignments, was vested with any right, title, or ownership by virtue of assignments, was had before trial, held not objectionable, where course pursued was consented to by all parties concerned.

2. Evidence ⟨⟩413, 424—Parol testimony to prove oral assignments of rights or causes of action set forth in complaint was admissible where written assignments relied on did not assign to or vest in plaintiff such rights or causes of action.

Where written assignments did not assign to or vest in plaintiff rights or causes of action set forth in complaint, parol testimony tending to prove oral assignments of such rights or causes of action was admissible.

3. Evidence ⟨⟩448.

Oral testimony tending to prove what parties meant or intended held incompetent, where written assignments were plain and free from ambiguity on their face.

4. Assignments ⟨⟩137.

In action under Sherman Act, § 7 (Comp. St. § 8820), based on assignment of claims, oral testimony held not to prove assignment of rights or causes of action set forth in complaint.

5. Monopolies ⟨⟩28—Complaint based on assignment of claims held not to state cause of action in favor of plaintiff in his own right, regardless of assignments, because it appeared that one of assignors had same name as plaintiff, where presumption that plaintiff was suing in own right was overcome by direct averment of assignment (Sherman Act, § 7 [Comp. St. § 8820]).

Complaint under Sherman Act, § 7 (Comp. St. § 8820), based on assignment of claims by different persons, held not to state cause of action in favor of plaintiff in his own right, regardless of assignments, because of presumption arising from identity in names; it appearing that one of assignors had same name as plaintiff, and presumption that plaintiff was suing in own right being overcome by direct averment of assignment.

6. Courts ⟨⟩406(1)—Circuit Court of Appeals cannot review errors assigned, or look beyond process, pleadings, and judgment, where single issue of fact arising in law action is tried by court without written waiver of jury (Rev. St. § 649 [Comp. St. § 1587]).

Where single issue of fact arising in law action is tried without jury, without written waiver, as required by Rev. St. § 649 (Comp. St. § 1587), Circuit Court of Appeals cannot review errors assigned, or look beyond process, pleadings, and judgment.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Separate actions by George S. Kunihiro against the Lyons Brothers Company and others and against the M. O. Coggins Company and others. From judgments of nonsuit, plaintiff brings error. Affirmed.

Waldo, Hinds & Lawrence, of Pasadena, Cal., and Edward Byrnes, of Chicago, Ill. (G. E. Waldo and John H. Waldo, both of Pasadena, Cal., of counsel), for plaintiff in error.

Ward Chapman and W. I. Gilbert, both of Los Angeles, Cal., for defendants in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. These two actions at law were instituted in the court below to recover damages for violations of the Sherman Anti-Trust Act of July 2, 1890 (26 Stat. 209 [Comp. St. §§ 8820–8823, 8827–8830]). Both actions are identical, except as to the year for which damages are claimed. So far as deemed material, the facts are as follows:

During the years 1912 and 1913 a large number of Japanese were engaged in the business of growing cantaloupes in the Imperial Valley in the state of California, and

during the same period the defendants named in the two actions, with certain exceptions not material to our present inquiry, were engaged in the business of selling, distributing, and marketing the cantaloupes thus produced on a commission basis. In the course of their dealings each grower dealt exclusively with his own agent, and had no dealings, directly or indirectly, with the other defendants named in the record. At the close of the seasons in question the growers were of opinion that their several agents had not fully accounted to them for all moneys received by them in the course of their employment, and, with a view of collecting the balance due, each grower assigned to the plaintiff below his claim against the particular agent with whom he dealt. These several assignments, except as to the name of the agent, are in substantially the following form:

"I, the undersigned, for a valuable consideration, to wit, the collection of the hereinafter described account, do assign all my right, title, and interest in and to the said account to George S. Kunihiro, and the said account is for the sum of $———, against J. Friedham Company for moneys unlawfully and otherwise detained by the said J. Friedham Company while said J. Friedham Company was acting in the capacity of my agent."

Based on these assignments, the plaintiff instituted these two actions to recover damages under section 7 of the Sherman Act, supra (Comp. St. § 8829). The answer put in issue the assignments, as well as other allegations of the complaint. Depositions were taken by the plaintiff to prove the assignments, among other things, and thereafter the defendants gave notice that they would move the court for an order setting the case down for hearing upon the single issue whether the plaintiff was vested with any right, title, or ownership in or to the claims sued upon by virtue of the assignments upon which he relied; that upon such hearing the defendants would ask leave to introduce in evidence the depositions taken upon that issue, and upon such evidence would move for a judgment of dismissal or nonsuit. A hearing was had pursuant to this notice, and upon such hearing the court found that there had been no assignments of the several causes of action as alleged in the complaint and granted judgments of nonsuit. These judgments are now before us for review on writ of error.

[1] It is first contended that the hearing on the motion to dismiss was premature and that a ruling thereon should have been reserved until the close of the trial. No doubt the denial in the answer of the assignments alleged in the complaint presented an issue of fact to be tried by jury, like every other issue of fact in the case, unless a jury was waived, and the court could not determine that issue in advance of the trial on motion to dismiss, over the objection of either party. The record shows, however, that the course pursued on the trial was consented to by all parties concerned, and with such consent we see no objection to the procedure followed. Equity rule 29 provides that a defense may be separately heard and disposed of before the trial of the principal case, in the discretion of the court, and there is no reason why the same practice should not obtain in actions at law tried by the court without a jury, especially where the parties consent thereto. If the trial of a single issue will or may avoid the necessity of a protracted trial on the merits, there is every reason why that issue should be determined in advance, and no good reason to the contrary.

[2-4] Realizing that the written assignments executed by the several growers did not assign to or vest in the plaintiff in error the rights or causes of action set forth in the complaint, he offered parol testimony tending to prove oral assignments of such rights or causes of action. This testimony was objected to on the ground that the oral testimony tended to contradict the terms of the written assignments. The objection is untenable for two reasons: Not being parties to the written assignments the defendants in error were at liberty to prove that they did not disclose the full or true character of the transactions, and the same liberty must be accorded to the plaintiff in error. 1 Greenleaf, Ev. (16th Ed.) § 779. Again, oral testimony tending to prove assignments of the rights or causes of action set forth in the complaint would have no tendency to contradict the terms of written assignments of entirely different rights or causes of action. But it seems manifest to us that the testimony offered by the plaintiff in error had no tendency to prove, and did not prove, the assignment or assignments of the rights or causes of action set forth in the complaint. After the written assignments were offered in evidence, the several assignors were questioned, not as to some oral assignment made by them, but as to their intentions in executing the written assignment. But the written assignments were plain and free from ambiguity on their face, and in such cases it is well set-

tled that oral testimony tending to prove what the parties meant or intended is incompetent.

The inherent weakness, not to say worthlessness, of the testimony offered by the plaintiff in error in support of the assignments, becomes at once apparent when we consider the facts. At the time the written assignments were executed, each assignor felt that he had a cause of action for an accounting against the agent with whom he dealt, and this cause of action he assigned to the plaintiff in error. Long after the assignments were made, the defendants in error, or some of them, at least, were indicted in the federal court for conspiracy to violate the Sherman Act, by reason of the acts and transactions set forth in the complaint. After this indictment was returned, the plaintiff in error, or those in charge of the prosecution of these cases in his behalf, conceived the idea that the growers had a right of action against the defendants in error under the Anti-Trust Act, and they proceeded to prosecute the present actions, basing their right to do so upon the assignments theretofore made. And to ask the assignors whether they intended to transfer or assign the rights or causes of action set forth in the complaint by the instruments they had theretofore executed would be like unto asking the grantor in a deed describing a particular piece of property whether he intended by the conveyance to transfer some other piece of property, the existence of which was wholly unknown to him at the time of the execution of the deed. For these reasons we are clearly of opinion that the court did not err in finding that the causes of action set forth in the complaint were not assigned to the plaintiff in error as alleged, and in granting the judgments of nonsuit.

[5] It is urged, however, that the complaint states a cause of action in favor of the plaintiff in error in his own right, regardless of the assignments. This contention is based upon the following facts: In one paragraph of the complaint about 70 Japanese designated as growers, are named, and among these appears the name George S. Kunihiro. In a subsequent paragraph it is alleged that the growers above named assigned, transferred, and set over to George S. Kunihiro, the plaintiff in the action, all their right, title, and interest in and to all damages to their business and property, amounting to $906,000. Aside from the mere identity in the name, there is nothing in the complaint tending to show that the plaintiff in error

had a cause of action in his own right, and whatever presumption might arise as to identity of person from mere identity of name was overcome by the direct averment in the complaint that George S. Kunihiro, the grower, assigned his right of action to George S. Kunihiro, the plaintiff in error. Furthermore, the complaint contains no allegation as to any damages sustained by the plaintiff in error in his own right, apart from the damages sustained by the alleged assignors. For these reasons the court correctly ruled that the complaint stated no cause of action in favor of the plaintiff without the assignments relied upon. If the plaintiff in error asserted or intended to assert any such right, he should have applied to the court below for leave to amend.

[6] Thus far we have considered the case on its merits, but our power to do so is questionable at best. As already stated, the denial of the assignments in the answer raised an issue of fact triable by jury, unless a jury was waived by the parties. There was a waiver, but not by written stipulation, as required by section 649 of the Revised Statutes (Comp. St. § 1587), and, had the entire case been tried in the same manner, it is well settled that we could not review the errors now assigned, or look beyond the process, pleadings, and judgment. Bouldin v. Alto Mines Co. (C. C. A.) 299 F. 301, and cases there cited. The mere fact that a single issue arising in a law action was tried in this manner should not change the rule, or enlarge the reviewing powers of this court. However, this objection was not urged by counsel, and we simply refer to it, in order that we may not be deemed to have approved the practice.

There is no error in the record, and the judgment of the court below is affirmed.