## GRAVER CORPORATION v. HERCULES GASOLINE CO.

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926. As Modified February 8, 1927.)

No. 4859.

Appeal and error ⬯⟶849(1)—Questions decided on court trial without written jury waiver, except any arising on process, pleadings, or judgment, are not reviewable (Comp. St. §§ 1587, 1668).

Jury in a case within Const. Amend. 7, not having been waived in writing, as provided by Rev. St. § 649 (Comp. St. § 1587), any questions decided on the trial by court without a jury, except such as arise on the process, pleadings, or judgment, are under section 700 (Comp. St. § 1668) not reviewable.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

Action by the Hercules Gasoline Company against the Graver Corporation for breach of contract. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilbur Bassett and Carroll Allen, both of Los Angeles, Cal., for plaintiff in error.

McComb & Hall, Marshall F. McComb, and John M. Hall, all of Los Angeles, Cal., for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge. A petition is filed for a rehearing, on the ground that this court was without jurisdiction to review any questions except those arising on the process, pleadings, or judgment, since there was not filed with the District Court a written stipulation, signed by the parties, providing for the trial of the cause by the court without the intervention of a jury. The plaintiff in error has failed to answer the petition under the rule issued. The record in this court recites that the trial without a jury was duly waived, and, no question being raised as to the sufficiency of the waiver, the court erroneously assumed, without further concern, a legal waiver.

The Seventh Amendment to the Constitution of the United States guarantees a jury trial "in suits at common law where the value in controversy shall exceed twenty dollars. * * *" Act March 3, 1865, § 4 (13 Stat. 501; section 649, R. S.; section 1587, C. S.), provides that the right of trial by jury preserved by the Seventh Amendment may be waived "* * * whenever the parties or their attorneys of record file a stipulation in writing with the clerk of the court, waiving a jury. * * *"

Section 700, R. S. (section 1668, C. S.), provides that the determination of an issue of fact in a civil case, determined by the court without a jury as provided in section 649, and the rulings during the progress of the trial, if excepted to at the time and presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal.

The Supreme Court in County of Madison v. Warren, 106 U. S. 622, 2 S. Ct. 86, 27 L. Ed. 311, considered a case "on all fours" with this case and said: "The rule is well settled that, if a written stipulation waiving a jury is not in some way shown affirmatively in the record, none of the questions decided at the trial can be re-examined here on writ of error. * * *"

This case has been followed without exception, and this court in Bouldin et al. v. Alto Mines, 299 F. 301, through Judge Rudkin, said: "No other waiver will suffice, and in the absence of such a stipulation we can only look to the *process, pleadings, and judgment.*" And again in United States v. McGovern, 299 F. 302, this court, through Judge Hunt, said: "* * * Because it does not appear that the parties or their counsel complied with section 649 of the Revised Statutes, * * * by filing a stipulation in writing waiving a jury, * * * we are confined to an examination of the *process, pleadings and judgment.*"

In Erkel v. United States, 169 F. 623, this court, speaking through Judge Gilbert, said: "* * * There having been no written stipulation waiving a jury trial. The assignments of error raise the question of the sufficiency of the evidence to sustain the findings on which the judgment was based. It is well settled that no question of law can be reviewed on error, except those arising upon the *process, pleadings, or judgment,* 'unless the facts are found by a jury by a general or special verdict, or are admitted by the parties upon a case stated.'"

The jury not having been waived in writing as required by section 649, none of the questions decided upon the trial and excepted to can be re-examined in this court on writ of error, except such as arise upon the *process, pleadings,* or judgment. See, also, Campbell v. United States, 224 U. S. 99, 32

S. Ct. 398, 56 L. Ed. 684; Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835; Dundee Mortgage & Investment Co. v. Hughes, 124 U. S. 157, 8 S. Ct. 377, 31 L. Ed. 357; Spalding v. Manasse, 131 U. S. 65, 9 S. Ct. 649, 33 L. Ed. 86; Com'rs v. St. L. S. W. R., 257 U. S. 547, 42 S. Ct. 250, 60 L. Ed. 364.

It follows that, all assignments of error being to the admissibility of evidence, the judgment must be affirmed; and such is the order, with interest on said judgment at the rate of 7 per centum per annum from November 21, 1925, until paid. (Italics supplied.)