**AKRE et al. v. LIBERTY STATE BANK OF MINNEAPOLIS.**

Circuit Court of Appeals, Eighth Circuit. February 23, 1928.

No. 7686.

1. **Courts** &#9758;356(5)—Sufficiency of evidence and findings held not reviewable, in absence of request for different findings and conclusions and of motion for judgment (28 USCA §§ 773, 875).

Question whether findings of fact are supported by any substantial evidence and whether findings support the conclusions of law are not open to review under 28 USCA §§ 773, 875, where no request was made for different findings and conclusions and no motion made for judgment.

2. **Courts** &#9758;356(5)—Sufficiency of pleadings is reviewable, though findings were not requested and no motion made for judgment (28 USCA §§ 773, 875).

Question whether pleadings are sufficient to support judgment is open for review under 28 USCA §§ 773, 875, though no request is made for findings and conclusions and no motion made for judgment.

**3. Courts ⬡⟹356(9)—Guaranties attached to complaint and incorporated by reference, held construable on writ of error as part of pleadings (28 USCA §§ 773, 875).**

Guaranties attached to complaint and by reference made a part thereof were open to construction on writ of error as part of pleadings under 28 USCA §§ 773, 875, notwithstanding failure to request findings and conclusions and failure to move for judgment, in suit on guaranties.

**4. Banks and banking ⬡⟹99—Guaranty of indebtedness due and of certificates of deposit which debtor bank might transfer to creditor bank held to cover debtor bank's certificate of deposit which depositor delivered to creditor bank.**

Guaranty to creditor bank of payment at maturity of notes and checks and other written obligations for which debtor bank should become obligated, and of notes, certificates of deposit, and· checks which debtor bank might transfer to creditor bank receiving payment or credit, *held* broad enough to apply to promissory note given creditor bank and certificate of deposit of debtor bank, which depositor indorsed and delivered to creditor bank.

**5. Banks and banking ⬡⟹99—Guaranty of notes sold or rediscounted by debtor bank held not to cover certificate of deposit issued by it, which depositor ·delivered to creditor bank.**

Guaranty reciting that, "for value received, we hereby severally and individually guarantee payment at maturity or any time thereafter, with interest until paid, waiving demand, notice of nonpayment, and protest on any notes sold or rediscounted after this date," by debtor bank to creditor bank, *held* not to cover certificate of deposit issued by debtor bank, which depositor indorsed and delivered to creditor bank.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by the Liberty State Bank of Minneapolis against O. P. Akre and another. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

P. W. Dougherty, of Webster, S. D. (Waddel & Dougherty, of Webster, S. D., on the brief), for plaintiffs in error.

Edward J. Callahan, of Minneapolis, Minn., Frank McNulty, of Long Beach, Cal., R. F. Williamson, St. Clair Smith, and Alan Williamson, all of Aberdeen, S. D., and George R. Smith, of Minneapolis, Minn., for defendant in error.

Before KENYON and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This was an action brought by defendant in error upon two instruments of guaranty, the first of which was executed by both of the plaintiffs

in error and others; the second was executed by Akre and others, but not by Carlson. The first guaranty was as follows:

"Farmers' State Bank, Veblen, S. D.

"Veblen, South Dakota, Jany. 31, 1919.

"To Liberty State Bank, Minneapolis, Minn.—Gentlemen: For value received, we hereby severally and individually guarantee payment at maturity or any time thereafter, with interest until paid, waiving demand, notice of nonpayment and protest ·on any notes sold or rediscounted after this date by the Farmers' State Bank of Veblen to the Liberty State Bank of Minneapolis, Incorporated.      A. W. Thompson.
"Ole Halberg.
"C. D. Thompson.
"O. P. Akre.
"Leander Carlson."

Akre and Carlson were directors of the Farmers' State Bank of Veblen, S. D.

The second guaranty was in broader terms. It read, so far as here material, as follows:

"* * * We guarantee the payment at maturity, of all promissory notes, checks, drafts and other bills of exchange, overdrafts and other indebtedness upon, or for which, said debtors [Farmers' State Bank of Veblen, S. D.] are, or shall hereafter become, obligated to said bank [Liberty State Bank of Minneapolis, Minn.], whether as a maker, drawer, indorser, guarantor, surety or otherwise. And whereas said debtors may transfer to said bank by delivery without indorsement, or by indorsement without recourse, promissory notes, certificates of deposit, checks, drafts, bonds and other written obligations, negotiable and nonnegotiable and receive payment therefor, or credit on account thereof, from the bank, we also guarantee payment at maturity of all such promissory notes, certificates of deposit, checks, drafts, bonds, and other written obligations.

\* \* \* \* \* \* \*

"Dated January 14, 1920.
"C. D. Thompson.
"O. P. Akre.
"A. W. Thompson.
"R. M. Storlie."

On May 1, 1923, while both guaranties were in force, the Farmers' State Bank of Veblen made, executed, and delivered to defendant in error its promissory note for $5,500 in renewal of rediscounts of that amount which were then due. Certain collateral accompanied the note. Several payments were made on the note from time to time; but there was an alleged balance of

$3,118.98 due and unpaid at the time the present action was commenced.

On May 2, 1923, the Farmers' State Bank issued a certificate of deposit reading as follows:

"Farmers' State Bank, #7260.

"No. 2144.                                $2,500.00

"Veblen, S. Dak. May 2nd, 1923.

"O. Ralph Anderson has deposited in this bank twenty-five hundred dollars ——— dollars payable in current funds to himself or order on the return of this certificate six or twelve months from date with interest at rate of ) 5 per cent. for 6 mo. for the time named only ) 5 per cent. for 12 mo.

"C. M. Storlie, Cashier."

The certificate was duly indorsed by Anderson and delivered to the defendant in error. This certificate was in renewal of a similar certificate theretofore issued by the Farmers' State Bank to C. L. Smith, and by him duly indorsed to defendant in error.

Thereafter the Farmers' State Bank became insolvent; it was closed by the supervisors of banks of South Dakota on October 29, 1923, and a receiver was appointed. The present suit on the two guaranties followed.

The case was tried to the court, a jury having been duly waived by stipulation in writing, signed and filed. The court found generally all issues of fact in favor of plaintiff, and against defendants and each of them, and that there was due from defendants and each of them $2,515.11, with interest, based upon the unpaid balance of the $5,500 note, and the further sum of $2,500, with interest, based upon the certificate of deposit; and as conclusions of law that plaintiff was entitled to judgment against defendants and each of them in the sum of $5,738 with costs and disbursements. Judgment was accordingly entered against each of the defendants in said sum.

[1, 2] The assignments of error challenge the correctness both of the findings of fact and of the conclusions of law. The question whether the findings of fact are in accordance with the weight of the evidence is not open to review, because of the statute, Title 28 USCA § 773. See authorities cited below. The questions whether there was any substantial evidence to support the findings of fact, and whether those findings support the

conclusions of law, are not open to review, because no request was made for different findings and conclusions, and no motion was made for judgment in favor of defendants. Title 28 USCA § 875; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Wear v. Glass Co., 224 F. 60, 63 (C. C. A. 8); Firestone, etc., Co. v. McCutcheon, 284 F. 220 (C. C. A. 8); Jonesboro-Nettleton Road Imp. Dist. v. Klyce, 15 F.(2d) 918 (C. C. A. 8); Hirning v. Live Stock Nat. Bank, 1 F. (2d) 307 (C. C. A. 8). The question whether the pleadings are sufficient to support the judgment, is, however, open for review. Campbell v. Boyreau, 21 How. 223, 226, 16 L. Ed. 96; Flanders v. Tweed, 9 Wall. 425, 429, 19 L. Ed. 678; Bond v. Dustin, 112 U. S. 604, 606, 5 S. Ct. 296, 28 L. Ed. 835; Campbell v. United States, 224 U. S. 99, 106, 32 S. Ct. 398, 56 L. Ed. 684; Fleischmann Co. v. United States, supra; Municipal Excavator Co. v. Siedhoff, 15 F.(2d) 10 (C. C. A. 8); Graver Corp. v. Hercules Co. (C. C. A.) 16 F.(2d) 459.

[3-5] The two guaranties are attached to the complaint and by reference made a part thereof. They are therefore open to construction. The wording of the second guaranty is broad enough to cover both the promissory note and the certificate above described. This guaranty was signed by Akre, but not by Carlson. The judgment for the full amount due on both the promissory note and the certificate of deposit against Akre is therefore supported by this guaranty, but not the judgment against Carlson. The first guaranty was, however, signed by Carlson; but its terms, while broad enough to cover the promissory note, are not broad enough to cover the certificate of deposit. Notes only were covered by this guaranty. The judgment against Carlson is therefore supported only to the extent of the promissory note. The complaint does not support a judgment against him, based upon any guaranty of the certificate of deposit. It follows that the judgment against Carlson must be modified by limiting it to the amount $2,515.11, with interest and costs, based upon the promissory note.

As so modified, the judgment is affirmed.