**F. CARRERA & HERMANO v. FONT, GAMUNDI & CO.**

**No. 2821.**

Circuit Court of Appeals, First Circuit.

May 18, 1934.

1000

Hugh R. Francis, of San Juan, P. R., for appellants.

Henry G. Molina, of San Juan, P. R., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal by the defendants from a decision of the federal District Court in Puerto Rico in an action to recover $5,800, the contract price of 2,000 bags of Dominican corn. The plaintiffs are residents of the Island of San Domingo and have their place of business there.

On September 22, 1930, the plaintiffs, through a broker in San Juan, Puerto Rico, agreed to deliver in bond at San Juan by the middle of October, 1930, for the defendants, 2,000 bags of Dominican corn, each bag containing 200 pounds, more or less, the corn to be sano y sin picar; that is, sound and not weevily, or, as the defendants contend, "sound without holes caused by weevils."

The plaintiffs' offer was accepted by the defendants, and the written sale agreement signed by the defendants, and by the broker for the plaintiffs, contained the following provision: "Accepted by both parties hereto that this business transaction shall be governed by the provisions in the By-Laws of the Chamber of Commerce of Porto Rico, at San Juan"—with an exception as to transactions concerning rice, which has nothing to do with this case.

The corn was shipped in accordance with the contract and was delivered at the Custom House in San Juan in bond and the defendants notified of its delivery. The defendants, upon examination of the corn, refused to accept it on the ground that it contained holes caused by weevils, and was not in accordance with the contract.

The matter was then submitted to the arbitration committee of the Chamber of Commerce of Puerto Rico, which found that the defendants were not warranted in rejecting the corn. An appeal was taken to its board of directors, which sustained the findings of the committee of arbitration, although the defendants claim its proceedings were not in accordance with its by-laws.

Upon the board of directors' refusal to grant a rehearing and defendants' refusal to accept a sight draft or pay for the corn, this action was brought. Later the corn was sold at public auction by stipulation of the parties for the sum of $6,200, and the net proceeds were deposited in the federal District Court.

The complaint, in accordance with the practice in Puerto Rico under the civil law, prays for a specific performance of the con-

tract by the defendants, which in this case can only be the payment of the price or damages for refusal to accept delivery. Though no distinction is made in the Puerto Rican courts under its Civil Code between proceedings at law and in equity, in the federal courts under the Judiciary Act and section 267 of the Judicial Code (28 USCA § 384), this distinction is adhered to. Lewis v. Cocks, 23 Wall. 466, 469, 23 L. Ed. 70; Brown, Bonnell & Co. v. Lake Superior Iron Co., 134 U. S. 530, 531, 10 S. Ct. 604, 33 L. Ed. 1021; Southern Pacific R. Co. v. United States, 200 U. S. 341, 26 S. Ct. 296, 50 L. Ed. 507. This action therefore must be treated as an action at law to recover the price of the corn. Williston on Sales, vol. II, §§ 573, 574.

The Conformity Act does not require that the federal courts conform to the practice in the insular courts of Puerto Rico when it is contrary to federal statutes. Thompson v. Central Ohio Railroad Co., 6 Wall. 134, 18 L. Ed. 765; McConihay v. Wright, 121 U. S. 201, 7 S. Ct. 940, 30 L. Ed. 932; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Loud v. Pomona Land & Water Co., 153 U. S. 564, 14 S. Ct. 928, 38 L. Ed. 822; Levi v. Mathews (C. C. A.) 145 F. 152, 154; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 497, 43 S. Ct. 454, 67 L. Ed. 763.

By the Seventh Amendment of the Constitution, the right of trial by jury in all actions of law is preserved. Section 648, Rev. St. (section 770, 28 USCA), provides that trials of issues of fact in the District Courts, except in equity and admiralty cases shall be by jury. This does not prevent the parties, however, by agreement from waiving a jury trial and submitting a case to the presiding judge; but, if either party desires to review the rulings of the District Judge, the parties must waive a jury trial by written stipulation filed in court, or by oral agreement in open court of which oral agreement a record must be made. Section 649, Rev. St., as amended by Act of May 29, 1930, c. 357, 46 Stat. 486 (28 USCA § 773). If no such written stipulation is made, or record made of such oral agreement, the case is, in effect, submitted to the judge as an arbitrator, and his findings of fact and rulings of law are conclusive on the parties, if the pleadings support his judgment. Campbell v. United States, 224 U. S. 99, 105, 32 S. Ct. 398, 56 L. Ed. 684; Campbell et al. v. Boyreau, 21 How. 223, 16 L. Ed. 96. No written waiver of trial by jury was made in this case, nor was there any record made of an oral waiver in open court.

The only issue really open to these appellants, therefore, is whether the pleadings support the judgment.

It is now urged that, since counsel for plaintiffs stated at the opening of the case that they relied on the contract and not on the award of the Chamber of Commerce committee of arbitration, the complaint did not state a cause of action, as the complaint did not set forth that the corn was brought into court in compliance with section 332 of the Code of Commerce (Rev. St. & Codes of Puerto Rico 1913, § 7891). No one of the assignments of error seems to cover this alleged defect; and the District Court must have found that a literal compliance with that section was not essential. Literally to comply with it would, of course, be practically impossible in case of a sale of two hundred tons of corn.

Also see the case of S. Ramirez & Co. v. Jose Gonzalez Clemente & Co., decided by the Supreme Court of Puerto Rico April 11, 1934.

The District Judge found that the plaintiffs were only required to deliver the corn in bond, that the sale at public auction was by stipulation of the parties, and the proceeds were paid into court, which might well be held to be a sufficient compliance with the statute. At least, if the judge so held in this case, his ruling is conclusive.

The statement of plaintiffs' counsel at the opening of the trial that the action was brought on the contract and not on the award of the arbitration board is not inconsistent with the judgment of the court or the proceedings during the trial. The contract of sale provided that the transaction should be governed by the provisions of the by-laws of the Chamber of Commerce of Puerto Rico. The complaint alleges that the dispute as to the quality of the corn was submitted to arbitration in accordance with the by-laws of the Chamber of Commerce. We think the pleadings support the judgment. The case was tried on the theory that arbitration was an essential element to the right of recovery under the contract; and the proceedings during the trial indicate that both parties understood that the contract required it. The District Judge found that the conclusion of the committee of arbitration and its board of directors was warranted. Upon any view of the case, we think the judgment of the District Court cannot be said to be without any substantial evidence to support it.

Even if the judge erred in his findings of fact or rulings of law as to the validity of the award of the arbitration board, his errors of

law, if any, are not subject to review under the proceedings taken in this case.

The judgment of the District Court is affirmed with costs.

MORTON, Circuit Judge, concurs in the result.