## GUILES v. UNITED STATES.
### No. 8810.

Circuit Court of Appeals, Ninth Circuit.
Nov. 18, 1938.

Solon B. Clark, of Bonners Ferry, Idaho, for appellant.

John A. Carver, U. S. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., all of Boise, Idaho.

48

Before WILBUR, HANEY, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is a libel to condemn eight horses and one automobile on the ground that the horses were smuggled into the United States from British Columbia and that the truck was used in their transportation, in violation of 19 U.S.C.A. § 483. The appellant appeared as claimant and denied the allegations of the libel. The property was all seized on land within Boundary County of the State of Idaho. The issues raised by the pleadings were triable by a jury. Kennedy v. U. S., 9 Cir., 44 F.2d 57. The case was tried without a jury, although no stipulation was filed or made or entered in the minutes of the court, waiving a jury trial. The court made and entered findings of fact and conclusions of law followed by a decree or judgment declaring the property forfeited and directing its sale. Appellant relies upon a finding of fact by the court to the effect that five head of horses sought to be confiscated were imported into the United States by two Indians, Joe Dominic and William Swanson, and that Justin Osay, an Indian, brought in a horse and a mare, and that another mare was owned by Sam Luke, a Canadian Indian, but it was not known who brought the latter into the United States.

The appellant contends that under these findings of fact the horses involved were exempt from duty under the Jay Treaty of November 19, 1794. (U.S.Stat. vol. 8, Foreign Treaties, pp. 117, 118). It is contended this treaty is still in force notwithstanding the war of 1812, and the Treaty of Ghent, which concluded that war. 8 U. S.Stat. p. 222. The effect of these treaties upon the rights of Indians to import goods into the United States was considered by the United States Court of Customs Appeals in U. S. v. Garrow, Cust. & Pat. App., 88 F.2d 318.

The case having been tried without a jury and without waiving a trial by jury in the manner provided by statute, the only questions which this court has power to review are those concerning the process, pleadings and judgment. Kennedy v. U. S., supra; Graver Corp. v. Hercules Gas Co., 9 Cir., 16 F.2d 459; County of Madison v. Warren, 106 U.S. 622, 2 S.Ct. 86, 27 L.Ed. 311. The appellant does not question the sufficiency of the libel to sustain the judgment. His only contention is that the findings made by the trial court do not support the judgment. It was expressly held by the Supreme Court in Campbell v. U. S., 224 U.S. 99, 32 S.Ct. 398, 56 L.Ed. 684, that the sufficiency of findings by the trial judge to support the judgment in an action at law where a jury is not waived in accordance with the terms of the statute, cannot be considered by the reviewing court. The Court said: "It follows that the circuit court of appeals was without power to consider the sufficiency of the facts found to support the judgment." See also, Duignan v. U. S., 274 U.S. 195, 47 S.Ct. 566, 71 L.Ed. 996; Harris v. Newsom, 8 Cir., 23 F.2d 652, 656.

Since the rendition of the opinions above cited Congress has amended Sec. 649 of the Revised Statutes, 28 U.S.C.A. § 773, by providing that a jury also may be waived "by an oral stipulation made in open court and entered in the record".

Since no reviewable question is raised the judgment must be affirmed.

Judgment affirmed.