# DUNDEE MORTGAGE AND TRUST INVESTMENT COMPANY *v.* HUGHES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

Argued December 2, 1887. — Decided January 9, 1888.

Rulings of a Circuit Court at the trial of an action at law without a jury when there had been no waiver of a jury by stipulation in writing signed by the parties or their attorneys, and filed with the clerk, as required by § 649 Rev. Stat., are not reviewable here.

*Boogher* v. *Insurance Co.*, 103 U. S. 90, distinguished from this case.

ASSUMPSIT. Trial by the court without a jury, and judgment for plaintiff. Defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Thomas De Witt Cuyler*, with whom was *Mr. George F. Edmunds*, for plaintiff in error.

*Mr. J. N. Dolph* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by Ellis G. Hughes against the Dundee Mortgage and Trust Investment Company to recover an amount claimed to be due for professional services. After the pleadings were complete and the issues joined, the following entry was made on the minutes of the court:

" Now at this day comes the plaintiff, . . . by Mr. George H. Williams, of counsel, and the defendant by Mr. William H. Effinger, of counsel, and by consent of parties it is ordered that this cause be, and the same is hereby, referred to Mr. Wm. B. Gilbert to take the testimony herein pursuant to a stipulation to be filed herein within three months from this date, to try said cause, and to report to this court his conclusions of fact and law herein ; and said Wm. B. Gilbert is hereby appointed referee for the purpose aforesaid."

Under this order the referee reported May 5, 1884, that the parties appeared before him January 16, 1884, " and thereupon the testimony in said cause was taken before me, and the same is herewith filed. That upon the conclusion of said testimony the said cause was argued before me by the respective counsel of said parties. That upon consideration of the pleadings and the testimony herein I make the following " " findings of fact," and " conclusions of law," which were then stated.

To this report, each party filed exceptions. These exceptions were heard by the court, both parties appearing, and on consideration the findings of the referee were set aside and new findings made by the court, on which a judgment was

rendered in favor of Hughes and against the company for $8407.61. From that judgment this writ of error was brought.

There is no bill of exceptions in the record, and it nowhere appears that any exception whatever was taken to the action of the court at the hearing or in giving the judgment. The testimony taken by the referee and by him reported to the court is not here. The case stands on the pleadings; the order of reference, made by consent, which was not, so far as appears, in writing; the report of the referee; the exceptions thereto; the rulings of the court thereon; and the new findings by the court and the judgment.

The errors assigned are in substance:

1. That the court erred in substituting its own findings of fact for those of the referee and entering judgment upon its conclusions of law founded thereon, and

2. That the conclusions of law are not supported by the facts found.

Section 221 of the Code of Civil Procedure of Oregon provides that "All or any of the issues in the action, whether of fact or law, or both, may be referred upon the written consent of the parties." A trial by referee is to be conducted in the same manner as a trial by the court (§ 226), and the report of the referee must state the facts found, and, when the order of reference includes an issue of law, the conclusions of law separate from the facts. § 227. Section 229 is as follows: "The court may affirm or set aside the report either in whole or in part. If it affirm the report it shall give judgment accordingly. If the report shall be set aside, either in whole or in part, the court may make another order of reference, as to all or so much of the report as may be set aside, to the original referees, or others, or it may find the facts and determine the law itself, and give judgment accordingly. Upon a motion to set aside the report, the conclusions thereof shall be deemed and considered as the verdict of a jury."

The argument in support of the first assignment of error is, that as no allusion is made to the Oregon code in the order of reference, and no written consent was filed as required by that

code, the order was in its legal effect only a reference at common law, and, such being the case, it was error after rejecting the report to make the new findings. It is undoubtedly true that under a common law reference the court has no power to modify or to vary the report of a referee as to matters of fact. Its only authority is to confirm or reject, and if the report be set aside the cause stands for trial precisely the same as if it had never been referred. As there was in this case no written consent to the order for a trial by referee, it would have been error in the court, if objection had been made, to proceed with a new trial of the case after the report was set aside without a stipulation in writing waiving a jury, as provided by § 649 of the Revised Statutes; but no such objection was made, and the court proceeded, evidently in accordance with the understanding of the parties, to make new findings precisely as it would if the order of reference had been actually under the code upon a consent in writing. No exception was taken to this proceeding in the court below, and it is too late to make it here for the first time. Had the attention of the court been called to the exact condition of the record, the error would probably have been avoided by the filing of the necessary stipulation in writing, or in some other way. The case, therefore, comes here upon the ruling at the trial by the Circuit Court without a jury, when there had been no waiver of a jury, as the statute requires, by stipulation in writing, signed by the parties or their attorneys, and filed with the clerk. Rulings of a Circuit Court made under such circumstances are not reviewable here. *Bond* v. *Dustin*, 112 U. S. 604, and the cases there cited. The concession on both sides that there was actually no consent in writing to the order of reference, distinguishes this case materially from *Boogher* v. *Insurance Co.*, 103 U. S. 90, where the existence of a stipulation in writing, waiving a jury, was presumed under the circumstances which were there presented.

The judgment of the Circuit Court is

*Affirmed.*