ELKIN et al. v. DENVER ENGINEERING WORKS CO.

(Circuit Court of Appeals, Third Circuit. September 21, 1910.)

No. 12, March Term, 1910.

REFERENCE (§ 103*)—REFERENCE BY CONSENT—POWERS OF FEDERAL COURT OVER REPORT.

A federal court, on the coming in of the report of a referee to whom a common-law action has been referred by consent "to report his findings of fact, together with his conclusions of law thereon, subject to confirmation by the court, exception, and appeal," has no power to set aside such report, find new facts, and enter judgment thereon, but on the refusal to confirm the report the case stands for a new trial.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 203; Dec. Dig. § 103.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by the Denver Engineering Works Company against John P. Elkin and T. L. Eyre. Judgment for plaintiff (179 Fed. 922), and defendants bring error. Reversed.

John M. Freeman (Harry F. Stambaugh, of counsel), for plaintiffs in error.

Martin Conboy, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and BRADFORD, District Judge.

LANNING, Circuit Judge. By a stipulation filed December 2, 1907, the attorneys in this case agreed, pursuant to section 649 of the Revised Statutes (U. S. Comp. St. 1901, p. 525), that the case should be tried and determined by the court, without the intervention of a jury; each party reserving the right of review by writ of error under the provisions of section 700 of the Revised Statutes (U. S. Comp. St. 1901, p. 570). Pursuant to a second stipulation of the attorneys,

filed December 13, 1907, the Circuit Court ordered the issues in the case referred to a referee, who was, by the order, directed "to take proofs of all and singular the issues herein and to report his findings of fact, together with his conclusions of law thereon, subject to confirmation by the court, exception, and appeal." The referee took the evidence, and subsequently filed his report of facts and law. His conclusion was that the defendants John P. Elkin and T. L. Eyre were not liable. Under the provisions of a general rule existing in the trial court, exceptions to the report were filed, argued before the referee, and overruled by him. The report, the exceptions thereto, the referee's reasons for overruling the exceptions, and the evidence taken before the referee were thereupon filed, and a rule entered confirming the report unless exceptions thereto should be filed within 10 days. Within said 10 days the plaintiff, Denver Engineering Works Company, refiled the same exceptions that had been argued before the referee. Upon argument before the Circuit Court the exceptions were sustained, the findings of the referee overruled, and judgment entered for the plaintiff against the defendants for the sum of $12,536.85.

We find it necessary to consider but a single question, and that is whether a federal court, after having refused to confirm the report of a referee to whom a common-law action has been referred by consent, may set aside the report, find new facts, and enter judgment on its own findings of fact.

Whatever may be the practice as to references of common-law actions in the courts of the state of Pennsylvania, in a federal court the reference of such a case can be made only on consent of both parties. The seventh amendment to the Constitution of the United States provides that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." This right may be waived; but the waiver, to be effective, must be by both parties. In the present case there was such a waiver. The order of reference, based on the waiver, necessarily superseded the previous order that the case should be tried by the court without a jury. Previous to the act of March 3, 1865 (13 Stat. 500, c. 86), in which sections 649 and 700 of the Revised Statutes first appeared, the parties could submit the issues of fact in an action at law to be tried by a court without a jury, but they could not have the judgment of the court reviewed. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395. Now, under the provisions of section 700, where a case is tried before the court without a jury, exceptions may be taken to the rulings of the court, and a review of the judgment may be had. But in the present case the agreement to try the case without a jury before the court had been abrogated by the subsequent agreement to try it before a referee. The order of reference required the referee "to report his findings of fact, together with his conclusions of law thereon, subject to confirmation by the court, exception, and appeal." The only power possessed by the court concerning the report was the power to confirm it or to reject it. It could not, in the absence of an agreement to that effect, decide questions of fact, and thus exercise a power over the referee's report greater than it could exercise over the verdict of a jury.

It is true that judgment cannot be entered upon the report of a referee before the parties have had an opportunity to except to the report; but after exceptions have been filed and argued the duty of the court is simply to confirm or to refuse to confirm the report. It was so declared in Hecker v. Fowler, 2 Wall. 123, 133, 17 L. Ed. 759, Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 160, 8 Sup. Ct. 377, 31 L. Ed. 357, United States v. Ramsey (C. C.) 158 Fed. 488, and Kilduff v. John A. Roebling's Sons Co. (C. C.) 150 Fed. 240. In the Dundee Mortgage Company's Case, there was a reference of a common-law action by consent to a referee, who was directed to report to the court his conclusions of fact and law. Upon the coming in of the report each of the parties excepted, and the court, after argument, set aside the findings of the referee, made new findings, and entered judgment on the new findings of fact. The Supreme Court said:

"It is undoubtedly true that under a common-law reference the court has no power to modify or to vary the report of a referee as to matters of fact. Its only authority is to confirm or reject, and if the report be set aside the cause stands for trial precisely the same as if it had never been referred."

In that case, however, there was no bill of exceptions in the record, and it did not appear that any exception had been taken to the action of the court or in giving the judgment. The proceeding before the court, in the nature of a new trial, was declared by the Supreme Court to have been in accordance with the understanding of the parties. The judgment was therefore affirmed. But in the case now under consideration we have a bill of exceptions and assignments of error presenting the question of the power of the court to substitute new findings of fact for the findings of fact by the referee, and to enter judgment on the new findings. That question, as it is regularly presented, we must answer. We think it clear that the court exceeded its power, and that its judgment, entered on its own findings of fact, must be reversed.

The plaintiffs in error ask that we not only reverse the judgment, but that we confirm the report of the referee. This we cannot do. The practical effect of the action of the Circuit Court was to refuse to confirm the report. Had such an order been entered, the case would have stood for a new trial. We think our duty is to reverse the judgment and direct the cause to be remanded to the Circuit Court, with instructions to that court to enter an order confirming or setting aside the referee's report. If it be confirmed, judgment will be entered in favor of the plaintiffs in error. If it be set aside, the cause will stand for a new trial.

Such will be the order. The plaintiffs in error are entitled to costs in this court.