DENVER ENGINEERING WORKS CO. v. ELKIN et al.

(Circuit Court of Appeals, Third Circuit. March 27, 1912. Rehearing Denied June 25, 1912.)

No. 1,580.

SALES (§ 359*)—ACTION FOR PRICE—DEFENSES—EVIDENCE—SUFFICIENCY.

In an action against a corporation for the price of machinery, evidence *held* to warrant a finding that the account had been assigned by plaintiff to a third person, who discharged it in a transaction with the corporation.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056–1059; Dec. Dig. § 359.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by the Denver Engineering Works Company against John P. Elkin and another. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 181 Fed. 684.

Griggs, Baldwin & Pierce, for plaintiff in error.

. Harry F. Stambaugh and Watson & Freeman, for defendants in error.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. In the court below the Denver Engineering Works Company, a corporation of Colorado, brought suit against John P. Elkin and T. L. Eyre, citizens of Pennsylvania, to recover $9,000, being the price of certain machinery sold by the plain-

tiff to the Terrenates Consolidated Mining Company of Arizona. The defendants were stockholders of the latter company and had guaranteed payment by it of such bill. They defended, on the ground that said account had been assigned by the plaintiff to one Meloy, and that, in performing a certain contract thereafter made between Meloy and certain stockholders of the Terrenates Consolidated Mining Company, Meloy had used, and the Terrenates Company and the defendants and their associates had accepted, said account as part payment by Meloy of his indebtedness of $15,000 on such contract. The parties subsequently waived trial by jury and proceeded by reference, which resulted in a report in favor of the defendants. This report the court below refused to confirm, but proceeded to make its own findings of fact, and thereon to enter judgment in favor of the plaintiff for the amount in suit. On writ of error thereto, this court, in an opinion reported at 181 Fed. 684, 105 C. C. A. 1, wherein the waiver and proceedings are fully recited, reversed the action of the lower court, holding that "the only power possessed by the court concerning the report was the power to confirm it or reject it," and that "it could not, in the absence of an agreement to that effect, decide questions of fact, and thus exercise a power over the referee's report greater than it could exercise over the verdict of a jury." On the remand of the case the court below directed a new trial, which resulted in the referee again finding in favor of the defendants. On confirmation of that report by the court below, and entry of judgment in favor of the defendants, this writ of error was sued out by the plaintiff.

Waiving, for present purposes, all question as to our right to reexamine the finding of the referee, we have in point of fact examined the voluminous testimony and exhibits in this case, and we find nothing to warrant our arriving at a conclusion other than that of the referee. The case turned on the question of whether Meloy owed the $15,000 to the Terrenates Company, and whether the claim in controversy, which he then owned, was used by Meloy, and accepted by that company, as a part payment of said indebtedness. These questions, which are ones of mixed fact and law, the report found, and we think rightfully, in favor of the defendants. Without discussing at length the complicated and voluminous proof bearing on those questions, and restating the involved transactions between Meloy, the Terrenates Company, and the defendants and their associated stockholders, we content ourselves with confining ourselves to the questions on which the case finally turned, and with what the referee well stated in his report touching those crucial questions as embodying our views and conclusions. His report in that respect says:

"I am clearly convinced that Meloy owed $15,000, and that, with the plaintiff's consent and by its direction, its claim was used in part payment of that $15,000, and extinguished. According to Meloy, who testified for the plaintiff, the agreement between him and the plaintiff was: 'I was, if possible, to use the assignment of this claim as a part of my $15,000 payment, and if I did use it I was to pay the Denver Engineering Works Company the cash.' In pursuance of this arrangement, the plaintiff assigned its claim absolutely to Meloy, and authorized him 'to collect and receive the same, and to give full and binding receipts and acquittances therefor, and to sue for and

collect the same in the name of the Denver Engineering Works Company or otherwise'; and thereupon the plaintiff notified each defendant and the Terrenates Company of the fact of the assignment, and of the authorization to Meloy 'to receive all sums due or to grow due thereon, and to receipt therefor and discharge same as fully as we ourselves might do.' Now, if Meloy did owe the $15,000, and if under this authorization and notice he used the, plaintiff's claim as a part payment thereof, surely that claim was extinguished. As to the fact that the claim in suit was so used, and as to the time that this happened, the testimony is uncontradicted. The evidence of four witnesses is involved. The two defendants and their witness testify either directly to the fact or to corroborating circumstances, and the plaintiff's witness, who necessarily knew what the fact was, and who was called in rebuttal by the plaintiff, interposed no denial. For the reasons set out in the referee's original report on the former trial, I am convinced as to the fact that the plaintiff's claim was used, just as the plaintiff intended, and gave notice, that it should be used, to wit, as a part of Meloy's $15,000 payment. Thereupon (provided, of course, Meloy owed the $15,000) the claim in suit was necessarily extinguished, as it seems to me, and the plaintiff's only claim was against Meloy, and, had Meloy thereafter paid or secured the $6,-500 balance of what he had agreed to pay, it seems to me that he would thereby have been entitled to a receipt in full for the $15,000."

The judgment of the court below, confirming the referee's report, is affirmed, with costs in that court and this.