### BOWERS v. HENRY STEERS, Inc.

(Circuit Court of Appeals, Second Circuit. March 13, 1917. On Rehearing, April 3, 1917.)

No. 216.

1. APPEAL AND ERROR ☞496—REVIEW—QUESTIONS PRESENTED.

Under Rev. St. § 649 (Comp. St. 1916, § 1587), declaring that issues of fact in civil cases may be tried and determined by the court without the intervention of a jury, wherever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury, the finding of the court in such case having the same effect as a verdict, where the transcript of the record did not show that a jury was waived by a stipulation in writing filed with the clerk, the judgment by the court without a jury, though valid, because the judge is regarded as sitting as an arbitrator, cannot be reviewed by writ of error, except for error appearing on the face of the pleadings or of the judgment itself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2288-2294.]

2. JUDGMENT ☞200—DECISION ON TRIAL BY COURT.

Where the record shows no waiver of a jury, judgment rendered by the judge alone is valid; the judge being deemed to sit as an arbitrator.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 364.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Alphonzo B. Bowers against Henry Steers, Incorporated. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Merwin & Swenarton, of New York City, for plaintiff in error.

Gifford & Bull and Dyer & Taylor, all of New York City (J. Edgar Bull, John Robert Taylor, and George E. Cruse, all of New York City, of counsel), for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. May 16, 1916, after a jury was impaneled in this case, counsel agreed to try the cause before the court without a jury,

which was accordingly discharged. Subsequently, May 24th, the court handed down an opinion and entered an order, in which a verdict was directed for the defendant and that the defendant have judgment accordingly.

[1, 2] The trial of civil actions at law by the court without a jury is not regulated by the state practice, but by section 649 of the Revised Statutes (Comp. St. 1916, § 1587), which reads as follows:

"Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, wherever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

When it does not appear by the transcript of record that a jury was waived by a stipulation in writing filed with the clerk, the judgment, although valid, because the judge is regarded as sitting as an arbitrator, cannot be reviewed by writ of error, except for error appearing on the face of the pleadings or of the judgment itself. Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. 296, 28 L. Ed. 835; Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 8 Sup. Ct. 377, 31 L. Ed. 357; Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573, 32 L. Ed. 989; Spalding v. Manasse, 131 U. S. 65, 9 Sup. Ct. 649, 33 L. Ed. 86.

As no reviewable error appears in the record, the judgment is affirmed.

On Rehearing.

PER CURIAM. We have, pursuant to the suggestion made by the counsel for the plaintiff in error, examined the question presented, and are of the opinion that the defendant in error is entitled to an affirmance upon the merits.