## NATIONAL CITY BANK OF CHICAGO v. KIMBALL COMMERCIAL & SAVINGS BANK et al.*

(Circuit Court of Appeals, Eighth Circuit. November 20, 1924.)

### No. 6601.

Appeal and error ⚖═866(3)—On case tried by court on oral waiver of jury, in absence of case stated, appellate court can review only questions which arise on process, pleadings, or judgment.

In action to recover for conversion of stock certificates, where at close of trial both parties moved for directed verdict and orally waived jury, on writ of error without case-made, the appellate court cannot pass on question of defendant's estoppel to deny validity of issue of stock certificates; such question not arising on case-made nor on process, pleadings, or judgment, nor on sufficiency of findings to support judgment.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action at law by the National City Bank of Chicago against the Kimball Commercial & Savings Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

G. L. Wire, of Chicago, Ill., for plaintiff in error.

R. W. Parliman, Jr., of Sioux Falls, S. D. (R. W. Parliman, Sr., and James C. Parliman, both of Sioux Falls, S. D., on the brief), for defendants in error.

Before STONE, Circuit Judge, and MUNGER and MILLER, District Judges.

MUNGER, District Judge. The plaintiff in error, a national bank of Chicago, brought suit against the Kimball Commercial & Savings Bank, a South Dakota corporation,

*Rehearing denied February 16, 1925.

hereafter called the Kimball Bank, and the members of its board of directors, to recover the value of their certificates of the capital stock of the Kimball Bank. The plaintiff in error claimed it had acquired these certificates from Charles Maher as collateral security for an indebtedness of Maher to the plaintiff in error, and had no notice of any defect or irregularities in the issuance or sale of this stock, but relied upon the recitals on the face of the stock. The plaintiff also alleged that the board of directors of the Kimball Bank had passed a resolution reciting that this stock had been acquired by Maher, at a time when he was president of the Kimball Bank, in return for some mortgage bonds of an Illinois coal-mining company that were worthless, that this issuance of stock was illegal, and declared that the stock was canceled. The plaintiff further alleges that this constituted a conversion of the shares of stock, and therefore asked for judgment for its value.

The defendants answered, denying the allegations of the complaint generally, but admitting the certificates of stock were issued to Charles Maher, and averring they were issued without payment therefore on the statement of Maher that he wished to deposit stock of the coal-mining company as collateral security until he could pay the purchase price of the shares, and that in fact the coal-mining stock had no value. The defendants admitted that the resolution canceling the stock had been passed, and asserted that by the laws of South Dakota the issuance of the shares of stock to Maher under the circumstances was illegal and void. A jury was impaneled and a large amount of testimony was taken at the trial. After the evidence had been presented, motions for directed verdicts were made on behalf of both plaintiff and defendant, and, upon a suggestion being made that the parties might wish an extended period in which to prepare and file briefs, the parties stipulated orally that the jury should be waived and that the issues should be submitted to the court. The jury was then discharged from further consideration of the issues. The court made its written findings and entered judgment therein more than a year after the jury was discharged. The brief of the plaintiff in error does not comply with the requirements of rule 24 of the rules of this court, in that it does not set out any specification of errors, but an examination of the assignment of errors in the record discloses that the plaintiff in error claims that the court erred (1) in admitting evidence; (2) in excluding evi-

dence; (3) in refusing to direct a verdict in favor of the plaintiff in error; (4) in making findings contrary to and unsupported by the evidence; and (5) in failing to make further findings of fact. ,

None of these assignments of error may be considered by this court, because, of the oral waiver of a jury trial made in this case. As was said by this court in St. Louis S. W. Ry. Co. v. Com'rs of Road Imp. Dist. No. 2, 265 Fed. 524, 528:

"Section 649, R. S. U. S. (Comp. St. § 1587), provides how the court below might try the case without the intervention of a jury, namely, 'whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury.' Section .700, R. S. U. S. (Comp. St. § 1668), provides that certain questions can be considered by this court when it has been tried without a jury in accordance with section 649. In the case at bar, neither the parties nor their attorneys of record filed a stipulation in writing with the clerk waiving a jury; but the court of its own motion withdrew the case from the jury, and each party, without objection to such action of the court, presented findings of fact and conclusions of law to the court for its approval. The case, therefore, stands as a civil case at law tried by the court without any waiver of the jury as the law provides. Where this is so, and the facts are not admitted in a case stated, we have no jurisdiction to review any question on a writ of error, except those which arise on the process, pleadings, or judgment."

This rule has been often announced. Flanders v. Tweed, 9 Wall. 425, 429, 19 L. Ed. 678; Kearney v. Case, 12 Wall. 275, 283, 20 L. Ed. 395; Bond v. Dustin, 112 U. S. 604, 606, 607, 5 S. Ct. 296, 28 L. Ed. 835; Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 160, 8 S. Ct. 377, 31 L. Ed. 357; Andes v. Slauson, 130 U. S. 435, 438, 9 S. Ct. 573, 32 L. Ed. 989; Spalding v. Manasse, 131 U. S. 65, 66, 9 S. Ct. 649, 33 L. Ed. 86; Campbell v. United States, 224 U. S. 99, 105, 32 S. Ct. 398, 56 L. Ed. 684; Ford v. Grimmett (C. C. A.) 278 F. 140, 142; Bowers v. Henry Steers, Inc., 241 F. 377, 378, 154 C. C. A. 257; Rush v. Newman, 58 F. 158, 160, 7 C. C. A. 136; City of Cleveland v. Walsh Construction Co. (C. C. A.) 279 F. 57, 61, 63; United States v. National City Bank of New York (C. C. A.) 281 F. 754, 758; Wm. Edwards Co. v. La Dow, 230 F. 378, 383, 144 C. C. A. 520.

In substance, the argument made by plaintiff in error is that the evidence shows that the stock was paid for in cash by Maher when it was issued, and that it was acquired by plaintiff in error under circumstances that estop the defendants from denial of its validity. The determination of these claims requires a consideration of the evidence and of the inferences to be drawn therefrom, and they do not arise upon a case made, nor upon the process, pleadings, or judgment, nor even upon the sufficiency of the findings to support the judgment, and hence the judgment must be affirmed.