### GREER-ROBBINS CO. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
May 23, 1927.

No. 5042.

**1. Appeal and error ⬅5—Jury ⬅19(15)—Judgment of forfeiture against property seized for violation of law held triable by jury and reviewable by writ of error.**

Where property is seized on land for forfeiture for violation of law, the claimant is entitled to a jury trial, and the judgment is reviewable on writ of error rather than by appeal.

**2. Jury ⬅28(6)—Submission of law action to court on agreed statement held sufficient "waiver of jury trial" (Rev. St. § 649 [Comp. St. § 1587]).**

Submission of an action at law to the court on agreed statement of facts is sufficient waiver of a jury within Rev. St. § 649 (Comp. St. § 1587).

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Waiver of Jury Trial.]

**3. Appeal and error ⬅845(2)—Agreed statement of facts in action tried to court stands as special verdict for purpose of review.**

Where an action at law is tried to the court on an agreed statement of facts, such state-· ment is in the nature of a special verdict, and on writ of error the appellate court will consider its sufficiency to support the judgment.

**4. Intoxicating liquors ⬅250—Proceedings for forfeiture of vehicle used in illegal transportation, for which driver has been convicted under Prohibition Act, must be under that act (Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]; Comp. St. § 6352).**

Prosecution and conviction of the driver of an automobile for illegal transportation of liquor therein, under Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), make it mandatory that proceedings for forfeiture of the vehicle should be brought under that section, and they may not be brought under Rev. St. § 3450 (Comp. St. § 6352).

Appeal from the District Court of the United States for the Southern Division of the Southern District of California.

Libel by the United States against one Chrysler coupé engine No. G102512, its tools and appurtenances; the Greer-Robbins Company, claimant. Judgment of forfeiture, and claimant appeals. Reversed and remanded.

Neil S. McCarthy, George J. Stoneman, and Earl L. Banta, all of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was a proceeding by libel to condemn an automobile used in the concealment and transportation of intoxicating liquor in violation of sections 3061, 3062, 3450, and 3453 of the Revised Statutes (Comp. St. §§ 5763, 5764, 6352, 6355). The appellant, Greer-Robbins Company, intervened as claimant, and asserted title to the automobile under a conditional contract of sale. The case was submitted to the court below on an agreed statement of facts, and the present appeal was prosecuted from the final decree of condemnation and forfeiture.

[1] Where a seizure is made on land, the claimant is entitled to a jury trial, unless a jury is waived as in other cases, and the case should have been brought here for review by writ of error instead of by appeal (National Surety Co. v. United States [C. C. A.] 17 F. [2d] 372); but this error in procedure is no longer jurisdictional.

[2, 3] We will refer to the parties here as they are designated in the record. At the outstart, it is suggested by the appellee that there was no written waiver of a jury, as required by section 649 of the Revised Statutes

(Comp. St. § 1587), and that there was no request for findings in favor of the appellant. But the Supreme Court has held that the submission of an action at law to the court for trial on an agreed statement of facts is a sufficient stipulation for the waiver of a jury, that the agreed statement is in the nature of a special verdict, and that on writ of error the court will consider the sufficiency of the agreed statement to support the judgment. Wayne County v. Kennicott, 103 U. S. 554, 26 L. Ed. 486. The contention, therefore, that there was no waiver of a jury in writing and no request for findings cannot be sustained.

[4] This brings us to the question of the sufficiency of the agreed statement to support the judgment or decree of forfeiture. The statement of facts is not as definite and specific as it might be, for the reason, doubtless, that the case was submitted to the court below prior to the decisions of the Supreme Court in United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. ——, 47 A. L. R. 1025, and Port Gardner Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. ——. In the court below, the appellant contended that section 26 of title 2 of the National Prohibition Act (Comp. St. § 10138½mm) superseded the above sections of the Revised Statutes, and that, for that reason, the libel should be dismissed. But the mere fact that section 26 is not as broad as claimed did not preclude the appellant in the court below, and does not preclude him now, from contending that section 26 does in fact supersede the prior enactments under the facts as set forth in the agreed statement. From the agreed statement it sufficiently appears that on December 8, 1925, a federal prohibition agent discovered one Higgins in the act of transporting intoxicating liquor in the automobile described in the libel, in violation of law; that the agent seized the automobile and arrested the driver thereof; that the driver was thereafter charged with a violation of the National Prohibition Act, in that he did knowingly, willfully, and unlawfully transport in the automobile two cases of intoxicating liquor; that the driver entered a plea of guilty to the charge; and that the appellant had no notice or knowledge of the unlawful purpose for which the automobile was used or to be used. In Port Gardner Co. v. United States, supra, the Supreme Court held that the prosecution with effect under section 26 of title 2 of the National Prohibition Act, of the driver of an automobile, for illegal possession and transportation of liquor therein, makes it mandatory to dispose

of the vehicle as prescribed by that section, and precludes resort to forfeiture proceedings under section 3450 of the Revised Statutes. We are of opinion that the agreed statement of facts in this case brings it within the purview of that decision, and that the forfeiture of the car under section 26 became mandatory upon the court below upon the prosecution with effect of the driver of the car for unlawful transportation. And, if mandatory as against section 3450, it was equally mandatory as against the other sections upon which the government relies.

The judgment or decree is therefore reversed, and the cause is remanded for further proceedings in accordance with law. See Jackson v. United States (C. C. A.) 295 F. 620.