CENTRAL SURETY & INS. CO. v. DAVID-
SON.

No. 285.

Circuit Court of Appeals, Tenth Circuit.
Jan. 5, 1931.

J. D. Atwood, of Roswell, N. M. (H. C. Buchly, of Roswell, N. M., of counsel), for appellant.

C. J. Neis and J. D. Mell, both of Roswell, N. M., for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

The plaintiff, Henry Hawes Davidson, brought this action against the Central Surety & Insurance Company on account of the alleged loss through robbery of two diamond rings alleged to be of a value of $5,200 and $47.50 in money.

The petition alleged the insurance contract and that plaintiff suffered a loss of such diamond rings and such money through robbery of his person near Canyon, Tex., on July 18, 1928.

The amended answer denied the robbery, and denied the ownership of the smaller of the two diamond rings, and denied the allegations of value. It also set up as an affirmative defense the alleged failure of plaintiff to give immediate notice of the robbery to a proper peace officer, as required by the terms of the policy.

The cause came on for hearing before the court without a jury on December 17, 1929. Thereafter, and on December 28, 1929, counsel entered into and filed in the cause a written stipulation waiving trial by jury. This stipulation, in part, reads as follows: "Dated this 28th day of December, 1929, as of December 17, 1929."

The trial commenced at 9 o'clock a. m., and ended at noon on December 17th, and resulted in a judgment for the plaintiff, and the insurance company appeals.

Appellee has moved to dismiss this appeal on the ground there was no waiver of a

jury in writing filed before the trial of the case; therefore there is nothing for review. It is true, there was, as shown by the record, no waiver of trial by jury actually filed at the time of the trial. But clearly there must have been an agreement between counsel at the time of the trial, a jury to try the case had been waived and counsel had simply neglected to prepare and file the same of record. If not so, why, after the trial, should counsel for plaintiff have signed such a waiver and stipulated it should be filed and effective as of the day of the trial? After this was done, it would be manifestly unjust to treat the act as entirely meaningless. Such action would not tend to promote the doing of justice in our courts. Situations somewhat akin to that which we have here are ruled in Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 8 S. Ct. 377, 31 L. Ed. 357, and in Flanders v. Tweed, 9 Wall. 425, 19 L. Ed. 678. We are of the opinion the motion to dismiss this appeal on this ground should be, and is, denied.

The assignments of error necessary to a decision of the appeal are these: (1) That defendant did not have a reasonable time to present its defense; (2) the court erred in refusing to admit a statement in writing made by plaintiff, stating how and where the robbery occurred, to which a diagram, prepared by the plaintiff showing the location of the scene of the robbery, was attached; (3) that the court most arbitrarily limited the cross-examination of the plaintiff; (4) that there was no evidence as to the value of the jewels charged to have been stolen; (5) that it was not shown that the notice to the company and to the police authorities required by the terms of the policy was given, and that no proof of the value of the diamonds claimed to have been lost was offered by the plaintiff.

During the course of the cross-examination of the plaintiff the following took place:

"The Court: You are taking up too much time with this case. Get down to something that has to do with the case. Only one issue in this case; that is, whether or not he was held up. These details have nothing to do with it.

"Mr. Atwood: As we understand the case, there are two or three issues, whether he was held up, the value of the diamonds, and whether he had the diamonds.

"The Court: To witness. Get off the stand.

"Mr. Mell: I would like to ask him some questions.

"The Court: Court in recess for five minutes.

"Court in session.

"Mr. Atwood: The defendant excepts to the ruling of the court in dismissing the witness without permitting further cross examination, and the defendant now asks leave to offer in evidence the affidavit of the witness, the plaintiff, Henry Hawes Davidson, to contradict various answers which he has made, both on direct and on cross-examination and with leave to cross-examine the witness further in connection with such affidavit. The defendant also offers to prove, by this witness, that about two weeks prior to the alleged hold-up this witness placed the small ring involved on the finger of Miss Marvel Gadd, in a hotel room, in the town of Amarillo, under such circumstances as would evidence the intent to make a gift of the ring to such person.

"Defendant also desires to cross-examine the witness on the ownership or acquisition of both diamonds so as to bring out the matter of ownership.

"Defendant also desires to cross-examine the witness with reference to the size of the small ring, which he has testified to be 1½ carat ring, but which he claims, in his affidavit, and in the complaint, to be a 2½ carat ring, and to ascertain which of the two rings referred to was the ring lost, and which was involved in the appraisal which has been shown.

"Mr. Atwood: We are faced with this situation, as the court must recognize, that one man claims he was alone, and held up. We have denied the hold-up. If the hold-up occurred no one else was present, except the robbers, if there was robbers. It would naturally involve an extended cross-examination of the claimant to ascertain whether or not, so the Court might determine, whether or not the story is true as told. The Court could not expect us to come in here with witnesses who were present, when no one was there except the alleged hold-up men. We must depend upon the weakness of the story told by the plaintiff, in a large part, to prevent recovery in this case.

"The Court: This Court gives every defendant time to make the proper defense, when it comes to the issues in the case. You have taken up an hour and a half without getting anything that bears upon this case. If you can impeach this witness by any statements he has made, you have a perfect right to do so, if you can show he gave this ring to this woman. This court is not going to stand

your taking up all this time. You have got to credit me with some intelligence. I am not going to permit it. Go ahead and ask him the question you wish to ask.

"Mr. Atwood: It is unfortunate I didn't have witnesses there.

"The Court: This court is not going to let you take up all this time. If you have a defense the court will let you make it.

"Mr. Atwood: I have made every effort to find some witnesses who might have been there.

"Mr. Davidson recalled to the witness stand.

"The Court: Go ahead and examine him along the line indicated by the court."

Prior to the trial, the plaintiff had made a statement in writing to a representative of the insurance company in which he set forth facts concerning the acquisition of the diamond rings by him, and stated the location and circumstances of the robbery and what he did with reference to notifying the peace officers following the robbery. Also he furnished to the representative of the insurance company a plat showing the relative location of the roads, nearby houses, and the place where the robbery occurred. Counsel for the insurance company had the plaintiff identify this statement and the plat, and offered it in evidence both to impeach the testimony of the plaintiff and as substantive evidence. The court ruled this evidence out on its own motion on the ground no proper foundation had been laid therefor. The only testimony relative to the value of the rings was that plaintiff had paid $1,100 for the smaller ring and brooch and an appraisal of the two rings made by L. B. Boellner, a jeweler of Roswell, N. M., fixing the value of the smaller ring at $1,200 and the larger ring at $4,500. Miss Goldye Shrader, a witness for the plaintiff, testified that she was the local agent of the insurance company at Roswell, N. M., and issued the policy on which the action was predicated; that before issuing the policy the company requested an appraisement of certain jewelry to be covered by the policy; that this appraisement was made in writing by the Boellner Jewelry Company of Roswell, N. M., and furnished to the insurance company. The evidence is not clear as to whether the jewelry company made the appraisement as the agent of the insurance company or the agent of the plaintiff.

Plaintiff, on his direct examination, testified that, after the robbers had taken the rings and the money, one of them told him to get back in his car and not to stop until he got to Amarillo, and warned him that they had a partner in Canyon who would get him if he stopped there. He further testified on account of this threat he drove through Canyon and into Amarillo before notifying the police officers. Plaintiff also identified a plat showing the location of the roads and the location of the robbery, including the car of the robbers, at the time he was stopped. Plaintiff testified to the correctness of the plat, and this plat was introduced in evidence.

The alleged robbery took place at a curve in the road on the highway leading from Roswell to Amarillo, Tex. According to the plat made for the representative of the insurance company, the robbery took place at the northerly end of the curve. According to the plat introduced in evidence, the robbery took place at the southerly end of the curve. This curve is 678 feet in length. There was also a variance between the statements of the affidavit and the oral testimony of the witness as to the remarks made during the holdup and as to the instructions given by the robbers about plaintiff not stopping until he reached Amarillo. In his oral evidence plaintiff testified that he acquired the smaller diamond as an outright purchase; in his affidavit he stated that it was pawned or "in soak" with him. Plaintiff also made a supplemental statement to the representative of the insurance company which was at variance as to details of his oral testimony as to what took place at the time of the holdup, and also as to the manner in which he acquired the smaller ring. In his statement plaintiff stated that he got the smaller ring from a man passing through Roswell, as security for a loan of $1,000. This second statement was also tendered in evidence and rejected by the court of its own motion. The fact that there was no testimony as to the value of the ring was called to the attention of the trial court by counsel for the insurance company.

The first assignment of error is predicated upon the ruling of the trial court in limiting the cross-examination of the plaintiff. I think this assignment is well taken. The court clearly restricted the cross-examination to issues more narrow than the real issues in the case, and in my judgment was guilty of abuse of discretion.

As to the assignments of error predicated upon the ruling of the court in rejecting the plat and statement made by the plaintiff to the representative of the insurance company, as Davidson was both a witness and party plaintiff in the case, it was not neces-

sary to lay the usual foundation for the impeachment of a witness as a predicate for the admission of this statement and the plat. See Order of United Commercial Travelers of America v. Anita Greer, Jr.. 43 F.(2d) 499, decided Sept. 4, 1930 (C. C. A. Tenth Circuit).

The other assignments of .error except the fifth are covered by what is said in the discussion concerning the first assignment of error.

The remaining assignment of error is predicated upon the proposition that the evidence shows that the plaintiff did not give immediate notice of the robbery to a peace officer. The provision of the policy with respect to this notice reads as follows:

"(2) Notice of loss. The assured shall give immediate notice to the police authorities having jurisdiction of any loss or damage covered hereunder, or any attempt to effect such loss or damage. Such notice to the police to be given in any event within five days of knowledge thereof by the assured or his agent."

Plaintiff testified that he did not give notice to peace officers at Canyon because of the threats made by robbers. I think this evidence warranted the court in finding that the plaintiff was excused from giving notice to the peace officers at Canyon. Plaintiff notified the peace officers at Amarillo within about an hour after the robbery occurred. One of such peace officers was a deputy sheriff for the county in which such robbery occurred.

Furthermore, counsel for the plaintiff did not, by motion for a directed verdict, request for a declaration of law or in any other manner call this point to the attention of the trial court and request a ruling thereon. In the absence of such a ruling, the case having been tried to the court without a jury, the question is not open to review here.

The final assignment of error is predicated upon the failure of plaintiff to establish the value of the diamond rings. Unless the appraisal was made by an agent of the insurance company, it clearly did not constitute substantive evidence of the value. If the appraisal made by the jeweler be taken as true, yet this appraisement was made when the policy was written, and did not relate to the value of the jewelry at the time of the robbery, and the policy indemnifies against the loss at the time the robbery occurred. This deficiency in the proof was called to the attention of the trial court in

rather an informal manner, but, in view of the conduct of the trial and the abrupt way in which the court closed the case, I am inclined to think this was sufficient, and the ruling was erroneous.

For the reasons above indicated, the judgment should be reversed, and the case remanded to the trial court for a new trial.

It is so ordered.