**UNITED STATES v. YAMOTO et al.**

**No. 6355.**

Circuit Court of Appeals, Ninth Circuit.

June 8, 1931.

Sanford B. D. Wood, U. S. Atty., and W. Z. Fairbanks, Asst. U. S. Atty., both of Honolulu, Hawaii, and George J. Hatfield, U. S. Atty., and Albert E. Bagshaw, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Thompson, Beebe & Winn, Frank E. Thompson, Eugene H. Beebe, Montgomery E. Winn, and M. K. Ashford, all of Hono-

lulu, Hawaii, for appellee Graystone Corporation.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Territory of Hawaii in favor of the Graystone Corporation, Limited, an Hawaiian corporation, ordering the return of one Whippet coupé automobile.

The libel of information filed herein alleges transportation by the defendant Toro Yamoto, by means of a certain automobile, of intoxicating liquor in violation of the National Prohibition Act, a seizure by a national prohibition agent of the liquor and of the automobile, and conviction of said Yamoto of said offense in the United States District Court for the Territory of Hawaii; it also contains a prayer for the forfeiture of the automobile. The Graystone Corporation, Limited, intervener, claims ownership of the automobile under a conditional sales contract and the right to repossess the same under certain conditions therein mentioned. The intervener alleges that the balance due and unpaid on the contract amounts to $564.72, and that in the event the said automobile is sold a sufficient sum to pay said balance due under the contract would not be realized, and further that it had no knowledge that the said automobile would be used by any one at any time for the unlawful transportation of intoxicating liquor.

The intervener prays for an order of the court directing delivery to it of the automobile. No answer having been filed by Yamoto, a decree pro confesso was entered against him. Evidence both oral and documentary was introduced by the respective parties and the court, sitting without a jury, rendered a judgment against the United States, holding that the automobile was not subject to forfeiture. The holding of the court, however, was not based upon the allegations of the intervener that it had no knowledge that the automobile was to be used for the unlawful transportation of intoxicating liquor. The seizure of the automobile having been made upon land, not within admiralty jurisdiction, and the proceedings for the forfeiture of the automobile being an action at law, the case was triable by a jury, unless a jury was waived "in the manner prescribed by law." Kennedy v. U. S., 44 F.(2d) 57 (C. C. A. 9).

Section 649 of the Revised Statutes, as amended by the Act of May 20, 1930, 46 Stat-

utes at Large, part 1, page 486 (28 USCA 773), provides that: "Sec. 649. Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, agree to waive a jury by a stipulation in writing filed with the clerk or by an oral stipulation made in open court and entered in the record. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

There being no waiver either in writing or by stipulation in open court, as provided in the above section, this court's jurisdiction to review the proceedings of the trial court is limited to the process, pleadings, and judgment. In the case of Kennedy v. United States, supra, this court said: "It is * * * well settled that, if an action at law is tried by the court without a written waiver of a jury, the jurisdiction of the appellate court to review the judgment is limited to the process, pleadings, and judgment. This latter proposition is too firmly established to require citation of authority. See, however, United States v. McGovern (C. C. A.) 299 F. 302; Graver Corporation v. Hercules Gasoline Co. (C. C. A.) 16 F.(2d) 459; National Surety Co. v. United States [(C. C. A.) 17 F.(2d) 372], supra; Greer-Robbins Co. v. United States (C. C. A.) 19 F.(2d) 841. Here there was no waiver of a jury, by stipulation or otherwise."

This court being without jurisdiction to review the evidence upon which the judgment of the trial court is based, the judgment must be affirmed.

Judgment affirmed.