**MANZO et al. v. UNITED STATES.**
No. 9632.

Circuit Court of Appeals, Eighth Circuit.
July 17, 1933.

William G. Lynch, of Kansas City, Mo., for appellants.

William L. Vandeventer, U. S. Atty., and Claude E. Curtis, Asst. U. S. Atty., both of Kansas City, Mo.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment entered against appellants in a scire facias proceeding brought to collect upon an appearance bond. Appellants were sureties on the bond.

The main facts, undisputed, are substantially as follows: Lonnie Affronti was charged in three indictments returned by the Grand Jury in the Western District of Missouri with violations of the narcotic laws of the United States. In connection with each of these indictments, a capias was issued and the bond fixed at $5,000 to be taken by a United States commissioner. Thereafter, Affronti was arrested and taken before United States Commissioner James S. Summers in each of the three cases. With him appeared Rocco Manzo and Angelina Manzo, the appellants herein, who offered themselves as sureties on such bonds as should be taken. It was represented to the United States commissioner that a bond in the sum of $3,000 had already been given by Affronti conditioned for his appearance upon one or more of said charges against him. It was explained to Affronti and his proffered sureties that the bond required his appearance forthwith, and that, when his cases were docketed for trial, the usual publication of the setting of the cases would be made so that he would be advised of the dates when his cases would be called. The United States commissioner, in view of the fact that one bond for $3,000 had already been given by Affronti, took one bond for $12,000 instead of taking three bonds. There was no misunderstanding by Affronti or by his sureties as to the nature of the charges against him, nor as to the fact that the total amount of the bonds required was $15,000. Thereafter Lonnie Affronti was duly notified by the usual publication of the setting of

his cases. He failed to appear. The $12,000 bond was duly forfeited; and the present scire facias proceeding was commenced to collect from the sureties. Affronti made no appearance in the proceeding. The sureties answered and defended.

Among the defenses urged were: (1) That the bond was taken without authority of law and not in conformity with any order of the court; (2) that the United States commissioner had no authority to take a bond in a felony case; (3) that the bond did not set out the charges against Affronti; (4) that the United States commissioner had no authority to take a "forthwith" bond; (5) that the court was not in session on the day the bond was given, so that it was impossible for Affronti to appear "forthwith"; (6) that the bond did not conform to the orders of the court nor identify the charges against Affronti; (7) that the bond did not describe or designate any offense against the laws of the United States, and did not require Affronti to answer any such charge.

The scire facias proceeding came on for hearing, and was heard by a judge of said United States District Court for the Western District of Missouri. The government appeared by its attorney; the sureties appeared by their attorney; Affronti made no appearance.

Evidence was taken on behalf of the several parties appearing. Thereafter the following judgment was entered:

"Now on this day this cause coming duly on for hearing, the plaintiff being represented by the United States Attorney and the defendants Rocco Manzo and Angelina Manzo being represented by their attorney, W. G. Lynch, and this matter of scire facias being submitted to the Court, the Court first having heard all of the evidence presented does find the issues in favor of the plaintiff and against the defendants. And the Court finds that the plaintiff is entitled to judgment against the defendants Rocco Manzo and Angelina Manzo and each of them in the sum and for the amount of $12,000.00.

"It Is Therefore By The Court Ordered, Adjudged and Decreed that the plaintiff, the United States of America, have and recover of and from the defendants Rocco Manzo and Angelina Manzo and each of them the sum of $12,000.00 together with interest and the costs herein expended and have execution therefor."

The trial was had before a United States District Judge. No jury was called, and none demanded. No written waiver of a jury was filed, and no oral waiver is shown by the record. No special findings were made and none requested. No declarations of law were requested. No motion for judgment in behalf of the defendants was made at the close of the case, and no equivalent action was taken in their behalf.

In this state of the record, review by this court of the proceedings in the trial court is extremely limited.

The writ of scire facias issued on a forfeited appearance bond is a common-law judicial writ, and founded on the record of the court. It is attended by many of the incidents due to its common-law origin.

Courts of the United States are expressly authorized to issue such writs. 28 USCA § 377, reads: "The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

In Winder v. Caldwell, 14 How. 434, 443, 14 L. Ed. 487, the court said: "A scire facias is a judicial writ used to enforce the execution of some matter of record on which it is usually founded; but though a judicial writ, or writ of execution, it is so far an original that the defendant may plead to it. As it discloses the facts on which it is founded, and requires an answer from the defendant, it is in the nature of a declaration, and the plea is properly to the writ."

In United States v. Insley, 54 F. 221, 223, this court said: "It has recently been held that the competency of witnesses in criminal trials in the courts of the United States is not governed by the statutes of the state where such trials are had, but is to be determined by the common law. Logan v. U. S., 144 U. S. 263, 303, 12 S. Ct. 617 [36 L. Ed. 429]. See, also, U. S. v. Reid, 12 How. 361, 363 [13 L. Ed. 1023]. We think there is equal reason for holding that the courts of the United States may resort to such remedies for enforcing a bond or recognizance which has been duly returned by a federal commissioner or other committing magistrate, as are given by the common law. The federal courts, we believe, have heretofore acted upon the assumption, and with great unanimity, that, in the matter of enforcing a forfeited bond or recognizance, it was proper to issue a scire facias, and to enter a final judgment against the principal and his sureties on the return of

such process duly served, if no sufficient cause was shown for setting aside the forfeiture."

In Universal Transp. Co. v. National Surety Co. (D. C.) 252 F. 293, page 296, the court, after reviewing the authorities, said: "From the foregoing it appears that the writ is original only in the sense that once obtained the resultant procedure is the same as any action at law entitling a defendant to answer and to a jury trial."

In Hollister v. United States, 145 F. 773, page 780, this court said: "Under the provisions of the seventh amendment to the Constitution, guarantying the right of trial by jury in controversies exceeding in value the sum of $20, and the provisions of section 566 of the Revised Statutes [28 USCA § 770], that 'a trial of issues of fact in the District Courts in all causes except cases in equity and cases of admiralty and maritime jurisdiction and except as otherwise provided in proceedings in bankruptcy, shall be by jury,' the defendants were entitled to a trial by jury if any issue of fact was tendered by them, unless they duly waived such right."

In Bassett v. United States (C. C. A.) 18 F.(2d) 856, 857, the court said: "Occupying, as does scire facias, a special place as an authorized proceeding in the federal practice, it has, for want of federal statutory restriction, all the incidents of its common-law origin. The claim that the conformity statute makes its use of varying choice, dependent upon the changing notions of state Legislatures, suggests a fettering of federal court procedure neither desirable nor contemplated by Congress."

In Foster, Federal Practice (6th Ed.) p. 2381, the statement is made: "It has been said that in the absence of a rule in the District Court, the procedure should be in accordance with the settled practice at common law."

Whether the writ of scire facias upon a recognizance given to answer a charge of crime is technically in all respects a civil action we need not decide. See Hunt v. United States, 166 U. S. 424, 17 S. Ct. 609, 41 L. Ed. 1063; Browne v. Chavez, 181 U. S. 68, 21 S. Ct. 514, 45 L. Ed. 752.

Our conclusion is that a scire facias proceeding in the federal courts to collect from sureties on an appearance bond after forfeiture of the bond is as to matters of practice relating to the trial essentially a civil action at law.

In a civil action at law tried to the court without a jury, no waiver of jury having been made in accordance with the statute (Rev. St.

§ 649, as amended May 29, 1930, 28 USCA § 773), there can be no review in the appellate court of the findings made, the judgment entered, or the rulings on the admission of evidence. The review is limited to questions arising on the process, pleadings, and judgment. Dundee Mtg., etc., Co. v. Hughes, 124 U. S. 157, 8 S. Ct. 377, 31 L. Ed. 357; Spalding v. Manasse, 131 U. S. 65, 9 S. Ct. 649, 33 L. Ed. 8; Commissioners of Road Improvement Dist. No. 2 v. St. Louis Southwestern R. Co., 257 U. S. 547, 562, 42 S. Ct. 250, 66 L. Ed. 364; Duignan v. United States, 274 U. S. 195, 198, 199, 47 S. Ct. 566, 71 L. Ed. 996; National City Bank v. Kimball Commercial & Sav. Bank, 2 F.(2d) 461 (C. C. A. 8); Municipal Excavator Co. v. Siedhoff, 15 F.(2d) 10, 14 (C. C. A. 8); Noone v. Sinner, 24 F.(2d) 960 (C. C. A. 8); North River Ins. Co. v. Guaranty State Bank (C. C. A.) 30 F.(2d) 881; United States v. Yamoto (C. C. A.) 50 F.(2d) 599; Perry v. Wiggins, 57 F.(2d) 622 (C. C. A. 8).

No claim is made in the specifications of error that the present writ of scire facias is not sufficient on its face to support the judgment; nor that the judgment is not in proper form and valid on its face; nor are any questions raised as to the process, pleadings, or judgment. On the record before us, therefore, we find nothing we can review, and the judgment is accordingly affirmed.